■ MOHAMMED J. BARLOW, Respondent, v HARLEM HOSPITAL CENTER et al., Appellants, et al., Defendants. [676 NYS2d 169] —Order, Supreme Court, New York County (Karla Moskowitz, J.), entered October 27, 1997, which denied defendants' motion for summary judgment dismissing the complaint as untimely, unanimously reversed, on the law, without costs, defendants' motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint.

Since, pursuant to CPLR 208, plaintiff was required to commence this action by February 2, 1993 and the action was commenced instead on February 9, 1993, the action was untimely and must be dismissed. That section implements the legislative policy of assuring prompt disposition of, *inter alia*, medical malpractice actions by imposing an absolute 10-year maximum infancy toll on such claims. Thus, the CPLR 204 (a) toll asserted by plaintiff (pendency of motion for leave to file a late notice of claim tolls the Statute of Limitations [*Giblin v Nassau County Med. Ctr.*, 61 NY2d 67]) must run concurrently, not consecutively, with the CPLR 208 toll (*see, Matter of Daniel J. v New York City Health & Hosps. Corp.*, 77 NY2d 630, 635; *Jaffee v New York Hosp.*, 202 AD2d 276, *lv dismissed* 83 NY2d 953).

In any event, a concurrent running of the aforementioned tolls did not prejudice plaintiff's ability to commence the action within the 10-year period, since the motion for leave to file a late notice of claim was granted December 8, 1992, approximately 2 months prior to the 10-year deadline. Plaintiff does not cite any impediment or assert any explanation as to why the action was not commenced within this time period.

The February 3, 1994 preliminary conference order, which permitted summary judgment motions to be made before trial was never vacated; hence, pursuant to CPLR 3212 (a), that order renders that provision's 120-day time limitation on such motions inapplicable here (*see, Phoenix Garden Rest. v Chu*, 245 AD2d 164).

We have reviewed plaintiff's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Nardelli, Williams and Andrias, JJ.