■ EDWARD MARMOL, Respondent, v STEVEN GREEN, Defendant, and ERNEST H. KIRCHMAN et al., Appellants. [777 NYS2d 512]—

In an action, inter alia, to recover damages for medical malpractice, the defendants Ernest Henry Kirchman, and New York City Health & Hospitals Corporation appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (LeVine, J.), dated April 22, 2003, as, in effect, upon converting the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) to a motion for summary judgment, denied that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Ernest Henry Kirchman and dismissing all claims except those claims arising out of the defendant Steven Green's treatment of the plaintiff insofar as asserted against New York City Health & Hospitals Corporation.

Ordered that the order is affirmed insofar as appealed from, with costs.

Although the appellants demonstrated, prima facie, that the alleged malpractice occurred over a substantial period of time before the plaintiff served the notice of claim, and although "it is the rule in the Second Department that the continuous treatment doctrine is inapplicable where the interval of time between visits or treatments exceeds the applicable period of limitations" (*Grellet v City of New York,* 118 AD2d 141, 149 [1986]), the plaintiff raised a triable issue of fact as to the interval of time between visits in the instant case (*see generally Borgia v City of New York,* 12 NY2d 151 [1962]; *Doyaga v Columbia-Presbyt. Med. Ctr.,* 307 AD2d 333, 334 [2003]).

Moreover, the evidence in the record clearly demonstrates that a question exists regarding whether the parties considered that the plaintiff's treatment by the defendants was complete (*see McDermott v Torre,* 56 NY2d 399, 405 [1982]). The fact that the plaintiff consulted other physicians at the same time that he was treated by the defendants does not necessarily establish that he lost his "continuing trust and confidence" (*Richardson v Orentreich,* 64 NY2d 896, 898 [1985]) in the defendants, espe-

cially since the defendant Ernest Henry Kirchman encouraged the plaintiff to seek additional opinions, and the plaintiff testified that he only consulted other physicians to obtain documentation for his workers' compensation claim. Santucci, J.P., Schmidt, Townes and Mastro, JJ., concur.