■ Maria LaRocca, Appellant, v Salvatore P. DeRicco, Respondent. [833 NYS2d 213]—

In an action to recover damages for dental malpractice, the plaintiff appeals from an order of the Supreme Court, Queens County (Price, J.), dated May 12, 2006, which granted the defendant's motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred and denied her cross motion, inter alia, for additional discovery, including the deposition of the defendant.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting the defendant's motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred, and substituting therefor a provision denying the motion, and (2) by deleting the provision thereof denying that branch of the plaintiff's cross motion which was for additional discovery, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed, with costs to the plaintiff.

"A defendant who seeks dismissal of a complaint pursuant to

CPLR 3211 (a) (5) on the ground that it is barred by the statute of limitations bears the initial burden of proving, prima facie, that the time in which to sue has expired" (*Gravel v Cicola*, 297 AD2d 620 [2002]). The defendant in this case sustained his initial burden by establishing that the alleged wrongdoing occurred more than two years and six months before the instant action was commenced (*see* CPLR 214-a). In response to the defendant's showing, the plaintiff raised a triable issue of fact as to whether there was a course of continuous treatment by the defendant which, if established, would render this action timely (*see* CPLR 214-a; *Richardson v Orentreich*, 64 NY2d 896 [1985]; *Chinosi v Kringstein*, 7 AD3d 558 [2004]). Accordingly, the Supreme Court should have denied the defendant's motion to dismiss the complaint.

Moreover, under the circumstances, the court should have granted that branch of the plaintiff's cross motion which was for additional discovery, including the deposition of the defendant.

The appellant's remaining contentions are without merit. Miller, J.P., Mastro, Ritter and Balkin, JJ., concur.