■ SANDRA TEXERIA, Respondent, v BAB NUCLEAR RADIOLOGY, P.C., et al., Defendants, and JATINDER SINGH et al., Appellants. [840 NYS2d 417]—

In an action to recover damages for medical malpractice, the

defendant Alfred G. Lieffrig appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Burke, J.), dated July 19, 2006, as denied his motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against him as time-barred, and the defendant Jatinder Singh separately appeals, as limited by his brief, from so much of the same order as denied his separate motion pursuant to CPLR 3211 (a) (5) to dismiss, as time-barred, so much of the complaint insofar as asserted against him as alleged malpractice committed prior to January 1, 2003.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the plaintiff.

In or about January 2004 the plaintiff was diagnosed with an infiltrating ductal carcinoma in her right breast. In June 2004 she underwent a modified radical mastectomy. On July 1, 2005 the plaintiff commenced this action to recover damages for medical malpractice. The plaintiff alleged, inter alia, that she was being monitored and treated for a recurring focal nodule in her right breast since at least December 2001, by physical examinations, mammograms, and sonograms, and that the medical malpractice allowed the condition to develop into a carcinoma, which severely limited her treatment options and shortened her life expectancy. The defendant Alfred G. Lieffrig, a surgeon, inter alia, physically examined the plaintiff and reviewed mammograms at various times during the period between December 21, 2001 and December 23, 2003. Further, he performed a biopsy in January 2004 and the surgery in June 2004 and examined the plaintiff after the surgery in August 2004. The defendant Jatinder Singh, a radiologist, inter alia, interpreted mammograms of the plaintiff's right breast at various times during the period between December 5, 2001 and January 23, 2003, and sent copies of his reports to both the plaintiff and another of her physicians.

Lieffrig moved pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against him as time-barred, contending that the plaintiff's bill of particulars contained allegations as against him through August 2, 2002, which was more than 2½ years prior to the commencement of the action. In opposition, the plaintiff asserted that Lieffrig had engaged in a continuous course of treatment of her right breast from her first visit in December 2001 until he examined her after the surgery in August 2004 and that the statute of limitations as against Lieffrig was tolled during that period. In reply, Lieffrig contended that the initial course of treatment of the plaintiff's right breast terminated with an August 2, 2002 visit, and that

the next visit on December 23, 2003 was precipitated by the plaintiff's complaints concerning an unrelated surgery.

Singh separately moved pursuant to CPLR 3211 (a) (5) to dismiss so much of the complaint insofar as asserted against him as alleged malpractice committed prior to January 1, 2003 (i.e., more than $2^{1}/_{2}$ years prior to commencement of this action). In opposition, the plaintiff alleged that Singh, too, had engaged in a continuous course of treatment of her right breast until January 23, 2003, the date of his last report, and that the statute of limitations as against Singh was tolled during that period.

The Supreme Court denied the motions. We affirm the order, finding the existence of questions of fact as to whether the continuous treatment doctrine is applicable as to both Singh and Lieffrig.

A defendant who seeks dismissal of a complaint pursuant to CPLR 3211 (a) (5) on the ground that it is barred by the statute of limitations bears the initial burden of proving, prima facie, that the time in which to commence an action has expired (*see LaRocca v DeRicco*, 39 AD3d 486, 486-487 [2007]; *Gravel v Cicola*, 297 AD2d 620 [2002]). The burden then shifts to the plaintiff to aver evidentiary facts establishing that his or her cause of action falls within an exception to the statute of limitations, or raising an issue of fact as to whether such an exception applies (*see LaRocca v DeRicco, supra*; *Gravel v Cicola, supra* at 621).

Here, limited to the allegations in the plaintiff's bill of particulars, Lieffrig demonstrated, prima facie, that the action was time-barred insofar as asserted against him (*see* CPLR 214-a). However, in opposition, the plaintiff raised a triable issue of fact as to whether the statute of limitations as to Lieffrig was tolled by the continuous treatment doctrine (*cf. Young v New York City Health & Hosps. Corp.*, 91 NY2d 291, 296 [1998]; *Allende v New York City Health & Hosps. Corp.*, 90 NY2d 333, 338 [1997]). Lieffrig's reply papers merely raised additional questions of fact as to the applicability of the toll.

In support of his separate motion, Singh demonstrated, prima facie, that so much of the complaint insofar as asserted against him as concerning alleged malpractice committed prior to January 1, 2003, was time-barred (*see* CPLR 214-a). However, in opposition, the plaintiff raised a triable issue of fact as to whether the statute of limitations as to Singh was tolled by the continuous treatment doctrine (*see Elkin v Goodman*, 285 AD2d 484, 486 [2001]; *cf. Mosezhnik v Berenstein*, 33 AD3d 895, 896 [2006]).

Thus, the motions were properly denied. Crane, J.P., Ritter, Lifson and Balkin, JJ., concur.