■ SANTO B., Appellant, v ROMAN CATHOLIC ARCHDIOCESE OF NEW YORK et al., Respondents, et al., Defendant. [861 NYS2d 674]—

In an action, inter alia, to recover damages for sexual abuse, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (LaCava, J.), entered September 15, 2006, as granted that branch of the motion of the defendants Roman Catholic Archdiocese of New York and Edward Egan which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against them as time-barred.

Ordered that the order is affirmed insofar as appealed from, with costs.

In his verified complaint dated October 27, 2005, the plaintiff alleged that from 1990 to 1993, when he was an altar boy at the Holy Family Church in New Rochelle, he was sexually abused by the defendant William White, who was then a monsignor employed by the defendant Roman Catholic Archdiocese of New York (hereinafter the Archdiocese). The defendants Archdiocese and Edward Egan filed a pre-answer motion, inter alia, to dismiss the complaint on the ground that it was time-barred, and the Supreme Court granted that branch of the defendants' motion.

The respondents had the initial burden of demonstrating, prima facie, that the time within which to commence the action had expired (*see Texeria v BAB Nuclear Radiology, P.C.*, 43 AD3d 403, 405 [2007]; *LaRocca v DeRicco*, 39 AD3d 486, 486-487 [2007]). Taking the allegations in the complaint as true (*see AAA Viza, Inc. v Business Payment Sys., LLC*, 38 AD3d 802, 803 [2007]), and tolling the applicable three-year statute of limitations for the disability of infancy (*see* CPLR 105 [j]; 208, 214 [5]), the plaintiff was required to commence this action no later than three years after his 18th birthday, or October 16, 2001. The respondents thus satisfied their prima facie showing, and the burden shifted to the plaintiff "to aver evidentiary facts establishing that his . . . cause of action falls within an exception to the statute of limitations, or raising an issue of fact as to whether such an exception applies" (*Texeria v BAB Nuclear Radiology, P.C.*, 43 AD3d at 405). The plaintiff failed to meet this burden.

Contrary to the plaintiff's contentions, the doctrine of equitable estoppel did not preclude the defendants from asserting the statute of limitations defense. The plaintiff alleged generally that the defendants had engaged in the practice of concealing the problem of sexual abuse of children by parish clergy, including White. Such allegations are insufficient to invoke equitable

estoppel, which requires a showing that a defendant, subsequent to the occurrences which gave rise to the plaintiff's cause of action, engaged in affirmative wrongdoing, fraud, deception or misrepresentations which induced the plaintiff to refrain from filing a timely action (*see Zumpano v Quinn*, 6 NY3d 666, 673-675 [2006]). The plaintiff did not satisfy this burden with his allegation that, sometime in 2001, he informed a representative of the Archdiocese of his abuse claim, the representative denied him information regarding White's location, and after this meeting, he "reasonably relied" upon the Archdiocese to "promptly investigate [his] claim and make [him] whole." The plaintiff did not aver specific promises or statements made by the respondents' representative which led the plaintiff to believe that the Archdiocese was investigating his claim, nor did the plaintiff do anything further after this single meeting until four years later, when in 2005, he filed the instant lawsuit. Under the circumstances, the plaintiff failed to establish reasonable reliance upon misrepresentations or conduct of the respondents which prevented him from timely filing (*id.* at 674).

Moreover, the plaintiff failed to establish that the statute of limitations was tolled for his alleged disability of insanity. Pursuant to CPLR 208, tolling on this ground may not extend the limitations period "beyond ten years after the cause of action accrues." The plaintiff was thus precluded from commencing this action more than 10 years after the last instance of abuse in 1993 (*see Steo v Cucuzza*, 213 AD2d 624 [1995]). In any event, the plaintiff failed to aver sufficient evidentiary facts to support a finding of his insanity which, for the purposes of CPLR 208, requires a showing that he was unable to protect his legal rights because of an overall inability to function in society (*see McCarthy v Volkswagen of Am.*, 55 NY2d 543, 548 [1982]).

Accordingly, the Supreme Court properly granted that branch of the respondents' motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against them as time-barred.

The plaintiff's remaining contentions are without merit. Skelos, J.P., Ritter, Florio and Dickerson, JJ., concur.