OPINION OF THE COURT
Jack M. Battaglia, J.
Plaintiff John Doe No. 6, so designated because “the allegations . . . concern the sensitive matter of sexual abuse upon him when he was a minor” (complaint If 2), seeks damages for that abuse from defendants Yeshiva & Mesivta Torah Temimah, Inc. and Rabbi Lipa Marguiles. The alleged abuser was a nonparty, Rabbi Yehuda, also known as Joel Kolko, a teacher at the Jewish day school operated by defendant Torah Temimah and directed by defendant Marguiles. Defendants move preanswer pursuant to CPLR 3211 (a) (5) and (7) for dismissal of the complaint, primarily on the ground that the claims asserted are barred by the applicable statutes of limitations.
Plaintiff alleges that he was born in “October 1983” (complaint 1f 1), which, considering the complaint most favorably to plaintiff on these motions, the court takes as October 31, 1983. He alleges further that the abuse occurred “on multiple occasions” when he was “approximately 11-13 years old and a student” at the school (id. If 13). The court will assume on these motions that the last act of abuse occurred on the last day plaintiff was 13 years old, the day before his 14th birthday, that is, October 30, 1997. The complaint asserts causes of action for negligent supervision, negligent retention, negligent failure to train, negligent failure to warn, and vicarious liability.
On these motions, and taking the allegations of the complaint as true, defendants have “the initial burden of demonstrating, prima facie, that the time within which to commence the action [has] expired.” (See Santo B. v Roman Catholic Archdiocese of N.Y., 51 AD3d 956, 957 [2d Dept 2008].) If they do so, “the burden shift[s] to the plaintiff ‘to aver evidentiary facts establishing that his . . . cause of action falls within an exception to the statute of limitations, or raising an issue of fact as to whether such an exception applies.’ ” (See id., quoting Texeria v BAB Nuclear Radiology, P.C., 43 AD3d 403, 405 [2d Dept 2007].)
The statute of limitations applicable to plaintiffs negligence claims is the three-year statute found in CPLR 214 (5). (See id.; *445 Green v Emmanuel African M.E. Church, 278 AD2d 132, 132 [1st Dept 2000].) The statute of limitations applicable to his sexual abuse/vicarious liability claim is the one-year statute found in CPLR 215 (3). (See Krioutchkova v Gaad Realty Corp., 28 AD3d 427, 428 [2d Dept 2006]; Karczewski v Sharpe, 248 AD2d 679, 680 [2d Dept 1998].) Absent tolling, the latest that plaintiff could bring his complaint, therefore, was three years after accrual of his claims, again assumed to be no later than October 30, 1997, that is, October 30, 2000, if that day was not a Saturday, Sunday, or public holiday (see General Construction Law § 25-a).
But, because plaintiff was under the age of 18 when his claims accrued (see CPLR 105 Q]), the infancy toll of CPLR 208 applies. Moreover, plaintiff alleges that “[a]s a result of the sexual abuse,” he “suffered from a severe mental disability, which arose before reaching the age of majority and continued to affect [him] after reaching the age of majority”; which “rendered him incapable of managing his general business and social affairs, and unable to function in society”; and which “rendered [him] incapable of protecting his legal rights by filing a lawsuit relating to the sexual abuse.” (Complaint HIT 20-21, 31-32, 43-44, 56-57, 67-68.) These allegations implicate the “insanity” toll of CPLR 208.
CPLR 208 tolls the statutes of limitations for the “disabilities” of infancy and insanity. As to infancy, “CPLR 208 provides that where the ‘person entitled to commence an action is under a disability because of infancy ... at the time the cause of action accrues,’ the Statute of Limitations is tolled for the period of disability.” (Henry v City of New York, 94 NY2d 275, 279 [1999].) Here, “tolling the applicable three-year statute of limitations for the disability of infancy (see CPLR 105 Q] . . . ), the plaintiff was required to commence this action no later than three years after his 18th birthday.” (See Santo B. v Roman Catholic Archdiocese of N.Y., 51 AD3d at 957.) Assuming plaintiffs date of birth was October 31, 1983, his 18th birthday was October 31, 2001, and the three-year statute expired on October 31, 2004. Since this action was not commenced until March 31, 2008, defendants have satisfied their burden on these motions, sufficient to require plaintiff to at least raise an issue of fact as to whether some other exception to the statute applies. (See id.)
Also by reason of CPLR 208, “where a person is under a disability of ‘insanity’ at the time his cause of action accrues, the *446 limitations period in a personal injury action will be extended to three years after the disability ceases,” but “[t]he disability toll cannot result in an extension of more than 10 years from the accrual of the claim.” (See McCarthy v Volkswagen of Am., 55 NY2d 543, 546, 546, n 2 [1982].) The court assumes for purposes of these motions that, because of the alleged abuse, plaintiff was “unable to protect his legal rights because of an overall inability to function in society,” and, therefore, was “under a disability because of . . . insanity at the time [his] cause of action accrue [d]” within the meaning of CPLR 208. (See Santo B. v Roman Catholic Archdiocese of N.Y., 51 AD3d at 958; see also McCarthy v Volkswagen of Am., 55 NY2d at 548.)
The complaint does not allege when plaintiff’s “disability [because] of insanity” ended, but if “[t]he disability toll cannot result in an extension of more than 10 years from the accrual of the claim” (see McCarthy v Volkswagen of Am., 55 NY2d at 546, 546 n 2), it makes no difference, because plaintiffs claims are necessarily barred. Assuming that the last act of abuse occurred on October 30, 1997, the 10-year period expired on October 30, 2007. Plaintiff’s complaint was not filed until March 31, 2008, some five months too late.
Plaintiff contends, however, that the 10-year limitation does not bar his claims, because of an explicit statutory exception or qualification to its application. He contends that either the 10-year limitation does not apply at all to causes of action that accrue during infancy, or that the 10-year period is to be added on to the period of infancy. The only authority that explicitly supports his position is dictum in a Supreme Court decision that refers to prosecuting a claim “within 10 years of attaining the age of majority.” (See Anonymous v Anonymous, 154 Misc 2d 46, 57 [Sup Ct, Suffolk County 1992].) Defendants contend that the 10-year limitation applies notwithstanding infancy, and that it applies absolutely, running from accrual of the causes of action. They cite no authority that explicitly adopts their position, but point to decisions that imply they are correct.
The statutory language in CPLR 208 in contention reads: “The time within which the action must be commenced shall not be extended by this provision beyond ten years after the cause of action accrues, except, in any action other than for medical, dental or podiactric malpractice, where the person was under a disability due to infancy.” More specifically, the debate is about the meaning and effect of the clause “except. . . where the person was under a disability due to infancy.” (Id.)
*447 “Because the toll of the Statute of Limitations for the disability of insanity is a product of statutory law, . . . examination of the scope of this toll requires a determination of the legislative intent underlying the statute.” (McCarthy v Volkswagen of Am., 55 NY2d at 547.) Generally, “tolling provisions should not readily be given an expansive interpretation tending to undermine the basic purpose behind the Statutes of Limitation.” (Id. at 548.) Specifically, “the legislative history of CPLR 208 indicates that the Legislature intended the toll for insanity to be narrowly interpreted.” (Id.)
When the CPLR was adopted, section 208 provided a toll for persons who were, “at the time the cause of action accrue[d], under the age of twenty-one years, insane or imprisoned . . . for a term less than for life”; the toll was limited to 10 years from accrual “except where the person was under the age of twenty-one years.” (L 1962, ch 308.) In 1973, the toll for imprisonment was eliminated, leaving a toll for persons “under the age of twenty-one years, or insane.” (L 1973, ch 687, § 3.)
The statute was amended again in 1974 to provide the toll to persons “under a disability because of infancy or insanity”; the 10-year limitation applied “except where the person was under a disability due to infancy.” (L 1974, ch 924, § 2.) The 1974 amendments to CPLR 208 were among amendments to 52 other statutes, necessitated by the reduction of the age of majority from 21 to 18. (See Henry v City of New York, 94 NY2d at 281.)
“While the Legislature did not include a definition for the term ‘disability’ and did not use the phrase ‘under the age of eighteen’ to delineate those to which the toll of CPLR 208 applies, the resulting phrase ‘disability because of infancy’ appears to be nothing more than a stylistic drafting choice.” (Id.)
“There is no indication that the Legislature intended to change the application of the infancy toll.” (Id. at 282.)
The statute was amended in 1975 to add an exception to the exception to the 10-year limitation. (L 1975, ch 109, § 7.) The effect of the amendment, which added the words, “in any action other than for medical malpractice,” is that “[w]here medical malpractice actions accrue during infancy, the extension is limited to 10 years from the time of accrual.” (See Matter of Daniel J. v New York City Health & Hosps. Corp., 77 NY2d 630, 634 [1991].) This amendment was “part of a comprehensive package of special procedural rules designed to ameliorate a perceived medical malpractice insurance crisis.” (Id.)
*448 The statutory language itself, “except . . . where the person was under a disability due to infancy” (CPLR 208), is not so clear as to necessarily preclude either of plaintiff’s proffered interpretations. The proffered interpretation that the 10-year limitation does not apply at all where the cause of action accrues during infancy seems to flow more easily from the language. But plaintiff suggests no reason why the Legislature would limit all actions where an adult is “insane,” and malpractice actions where an infant is “insane,” but not other actions where an infant is “insane,” and no reason is apparent to the court.
The other proffered interpretation, that the 10-year period is to be added on at majority, finds no support in the language used. With the exception, moreover, of the toll upon the death of a person liable (see CPLR 210 [b]), which “serves to add 18 months to the Statute of Limitations period” (see Perez v National Westminster Bank, USA, 158 AD2d 361, 362 [1st Dept 1990]), statutory tolls have been held to run concurrently, not consecutively, with CPLR’s infancy toll (see Barlow v Harlem Hosp. Ctr., 253 AD2d 355 [1st Dept 1998] [CPLR 204 (a)]; Jaffee v New York Hosp., 202 AD2d 276, 276-277 [1st Dept 1994] [CPLR 214-a]).
The legislative history does not seem helpful. The particular statutory language at issue was the product of the State’s lowering of the age of majority in 1974, and any difference from earlier language has been found by the Court of Appeals to be stylistic rather than substantive. The earlier language, speaking in terms of years rather than “infancy” or “disability,” appears to have been intended to do no more than describe the infancy toll just as the “insanity” and imprisonment language were intended to describe those bases for tolling.
Other than policy, the strongest indication of the proper interpretation of CPLR 208, and the interplay between the infancy and insanity tolls, is the Second Department’s decision in Santo B. v Roman Catholic Archdiocese of N.Y. (51 AD3d 956 [2008]). There, the plaintiff alleged that he was sexually abused as a child from 1990 to 1993, but did not commence an action until October 2005. Applying the three-year statute of limitations and the infancy toll, the court held that the plaintiff “was required to commence the action no later than three years after his 18th birthday, or October 16, 2001.” (Id. at 957.) The defendants, therefore, had met their initial burden on their motion to dismiss pursuant to CPLR 3211 (a) (5).
*449 The court then held that “the plaintiff failed to establish that the statute of limitations was tolled for his alleged disability of insanity,” because he was “precluded from commencing [the] action more than 10 years after the last instance of abuse in 1993.” (Santo B. at 958.) The court also held, however, that “[i]n any event, the plaintiff failed to aver sufficient evidentiary facts to support a finding of his insanity.” (Id.)
The implication seems clear. The Santo B. court applied the 10-year limitation, even though the cause of action arose during infancy, and did not add the 10-year period to the infancy toll. Other courts imply the same construction of CPLR 208 as the Santo B. court, although the decisions do not provide important facts. (See Jessamy v Parkmed Assoc., 306 AD2d 34, 34-35 [1st Dept 2003]; Steo v Cucuzza, 213 AD2d 624, 625 [2d Dept 1995].) At least one appellate decision implies the contrary. (See Matter of Eberhard v Elmira City School Dist., 6 AD3d 971, 973 [3d Dept 2004].)
Neither Santo B. nor any of the other cited decisions discuss the statutory language at issue, nor the interplay between the insanity toll and the infancy toll. But the results are clear, and consistent with the general purpose of statutes of limitations that “individuals should be protected from stale claims” (see McCarthy v Volkswagen of Am., 55 NY2d at 548), and consistent with the narrow interpretation given tolling provisions (see id.). There is nothing in the statute or underlying policy that suggests the special treatment for infancy that plaintiff advocates. Indeed, the history of CPLR 208 has been one of restriction and limitation, not of expansion.
In sum, the insanity toll, limited to 10 years, and the infancy toll, limited by majority, operate independently and, where both apply, concurrently. The statutory language, “except . . . where the person was under a disability due to infancy” (CPLR 208), means nothing more than that, where the infancy toll would extend for more than 10 years, the 10-year limit will not apply to shorten it. There will be cases where the insanity toll provides no real benefit to the infant, as where the three-year statute applies to a claim that accrues before the infant’s 11th birthday. Undoubtedly, too, there will be cases where real harm will go without redress because of the 10-year limit. Such is the cost of statutes of repose, assessed by the Legislature or to which it is resigned.
Finally, the complaint alleges “intimidation, threats, coercion and misrepresentations over a period of years with the intent of *450 squelching any complaints or civil claims” concerning the misconduct of Rabbi Kolko. (Complaint H 16.) Defendants read these allegations as an attempt by plaintiff to avoid the statutes of limitations with the doctrine of equitable estoppel (see Zumpano v Quinn, 6 NY3d 666 [2006]). Although not part of their initial burden on these motions, defendants argue that the complaint fails to sufficiently plead the doctrine. Plaintiff does not attempt to raise a triable issue on any element of the doctrine, and does not request an opportunity to replead. In any event, leave to replead is no longer required. (See Andux v Woodbury Auto Park, Inc., 30 AD3d 362, 363 [2d Dept 2006]; see also CPLR 205 [a].)
Defendants’ respective motions to dismiss pursuant to CPLR 3211 (a) (5) are granted.