■ SALVATORE PIRO, Respondents, v JERZY MACURA, Appellant, et al., Defendant. [871 NYS2d 725]—

In an action to recover damages for medical malpractice and lack of informed consent, etc., the defendant Jerzy Macura appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Steinhardt, J.), dated March 27, 2008, as denied that branch of his motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against him as time-barred.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Salvatore Piro (hereinafter the plaintiff) consulted the defendant Dr. Jerzy Macura (hereinafter the defendant) in May 2003 in order to be evaluated for weight loss surgery and for treatment of an umbilical hernia. The defendant recommended that the plaintiff undergo a laparoscopic banding (hereinafter lap band) procedure in order to deal with his obesity and that his umbilical hernia be surgically repaired. The lap band procedure was performed on November 12, 2003 and the umbilical hernia was repaired May 7, 2004.

The plaintiff visited the defendant's office a number of times from May 2004 until December 7, 2004, both to have the lap band adjusted and to treat the hernia wound, which had become infected. On November 11, 2004 the plaintiff also began seeing another surgeon for treatment of the hernia wound. The defendant expected the plaintiff to return to see him approximately four weeks after the December 7, 2004 visit, but the plaintiff did not return to the defendant's office until March 29, 2005. At that time the defendant again examined the hernia wound,

which was not infected, but was still open, and decided not to adjust the lap band until the wound closed.

The plaintiff commenced this action on June 13, 2007, alleging, inter alia, that the defendant was negligent in treating his infection. The defendant moved, among other things, to dismiss the action insofar as asserted against him as time-barred, alleging that he had last treated the plaintiff for the hernia wound on December 7, 2004. The defendant alleged that the purpose of the March 29, 2005 visit was solely to adjust the lap band, and that he had examined the hernia wound at that time only to see if it was open, which might infect the lap band, but did nothing to treat the wound. The plaintiff asserted in response that the defendant had treated him for the hernia wound on March 29, 2005 and thus the action was timely pursuant to the continuous treatment doctrine. The Supreme Court, inter alia, denied that branch of the defendant's motion. We affirm.

Pursuant to CPLR 214-a, "[a]n action [alleging] medical . . . malpractice must be commenced within two years and six months of the act, omission or failure complained of or last treatment where there is continuous treatment for the same illness, injury or condition which gave rise to the said act, omission or failure." Thus, where the continuous treatment doctrine applies, "the time in which to bring a malpractice action is stayed 'when the course of treatment which includes the wrongful acts or omissions has run continuously and is related to the same original condition or complaint' " (*McDermott v Torre*, 56 NY2d 399, 405 [1982], quoting *Borgia v City of New York*, 12 NY2d 151, 155 [1962]; *see Young v New York City Health & Hosps. Corp.*, 91 NY2d 291, 296 [1998]; *Allende v New York City Health & Hosps. Corp.*, 90 NY2d 333, 338 [1997]).

In support of that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against him as time-barred, the defendant demonstrated that the action was commenced more than two years and six months after the last treatment for the umbilical hernia on December 7, 2004 (*see Kaufmann v Fulop*, 47 AD3d 682, 683-684 [2008]; *Texeria v BAB Nuclear Radiology, P.C.*, 43 AD3d 403, 405 [2007]; *LaRocca v DeRicco*, 39 AD3d 486, 486-487 [2007]; *Chinosi v Kringstein*, 7 AD3d 558 [2004]). However, in opposition, the plaintiff adduced evidence that the defendant's treatment of the plaintiff's hernia wound had continued until March 29, 2005 (*see Shifrina v City of New York*, 5 AD3d 660, 662 [2004]; *Couch v County of Suffolk*, 296 AD2d 194 [2002]). Contrary to the defendant's contentions, the fact that the plaintiff consulted another doctor for treatment of the same

condition "does not necessarily establish that he lost his 'continuing trust and confidence' in the defendant" (*Marmol v Green*, 7 AD3d 682 [2004], quoting *Richardson v Orentreich*, 64 NY2d 896, 898 [1985]), especially since the plaintiff continued to visit the defendant.

Consequently, the Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against him as time-barred. Prudenti, P.J., Spolzino, McCarthy and Leventhal, JJ., concur.