MAYWATTIE PERSAUD GARDNER, Individually and as Administratrix of the Estate of ANTHONY LEWIS GARDNER,

Deceased, Respondent, v Cason, Inc., et al., Appellants. [918 NYS2d 769]—

The plaintiff commenced this action, as the administrator of the estate of Anthony Lewis Gardner (hereinafter the decedent), who was her husband, and individually, to recover damages arising from a motor vehicle accident that resulted in the death of the decedent. In an affidavit submitted in support of the plaintiff's motion for summary judgment on the issue of liability, the plaintiff averred that the decedent was proceeding on his motorcycle in the left lane of the two-lane exit ramp from the eastbound Nassau Expressway leading to the Van Wyck Expressway in Queens. At the same time, a tractor-trailer truck (hereinafter the defendants' truck) owned by the defendant Cason, Inc., and operated by the defendant William D. Grumbly, was in the right lane of the two-lane exit ramp adjacent to the decedent. The plaintiff was operating a separate motor vehicle in the right lane behind the defendants' truck, with one vehicle between the plaintiff's vehicle and the defendants' truck. While making a turn on the exit ramp, the defendants' truck tipped over into the left lane, spilling its contents onto the roadway, striking the decedent and his motorcycle.

In opposition to the plaintiff's motion for summary judgment on the issue of liability, the defendants primarily argued that the motion was premature. The Supreme Court granted the motion. We reverse.

It was premature to award summary judgment at this stage of the case. "This is especially so where the opposing party has not had a reasonable opportunity for disclosure prior to the making of the motion" (*Baron v Incorporated Vil. of Freeport*, 143 AD2d 792, 793 [1988]). The plaintiff and the defendant Grumbly submitted, among other things, affidavits containing discrepancies pertaining to the circumstances of the accident, including as to the decedent's culpability. Furthermore, no depositions have been conducted, including any depositions of key

eyewitnesses identified in the police accident report. Accordingly, the Supreme Court should have denied the plaintiff's motion for summary judgment on the issue of liability with leave to renew after the completion of discovery (*see Gruenfeld v City of New Rochelle*, 72 AD3d 1025 [2010]; *Aurora Loan Servs., LLC v LaMattina & Assoc., Inc.*, 59 AD3d 578 [2009]; *Martinez v Ashley Apts. Co., LLC*, 44 AD3d 830 [2007]; *Tyme v City of New York*, 22 AD3d 571 [2005]; *see generally* CPLR 3212 [f]).

The parties' remaining contentions either are without merit or have been rendered academic in light of our determination. Covello, J.P., Chambers, Lott and Cohen, JJ., concur.