■ SALVATORE PIRO et al., Appellants, v JERZY MACURA, Respondent, et al., Defendant. [938 NYS2d 165]—

The plaintiff Salvatore Piro (hereinafter the plaintiff) consulted the defendant Jerzy Macura (hereinafter the defendant), a physician, in May 2003, to be evaluated for weight loss surgery and for treatment of an umbilical hernia. The defendant recommended that the plaintiff undergo a laparoscopic banding (lap band) procedure to treat his obesity and that his umbilical hernia be repaired. The lap banding was conducted on November 12, 2003, and the umbilical hernia was repaired on May 7, 2004.

The plaintiff visited the defendant's office several times from May 2004 until December 7, 2004, both to have the lap band adjusted and to treat the hernia wound, which had become infected. On November 11, 2004, the plaintiff also began seeing another surgeon for treatment of the hernia wound. The defendant expected the plaintiff to return to see him approximately four weeks after the December 7, 2004, visit, but the plaintiff did not return to the defendant's office until March 29, 2005. At that time, the defendant again examined the hernia wound, which was not infected, but was still open, and decided not to adjust the lap band until the wound closed.

The plaintiff commenced this action on June 13, 2007, alleging, inter alia, that the defendant was negligent in treating his infection. After issue was joined, but before discovery commenced, the defendant moved, among other things, pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred insofar as asserted against him, alleging that he had last treated the plaintiff for the hernia wound on December 7, 2004. The defendant alleged that the purpose of the March 29, 2005, visit was solely to adjust the lap band, and that he had examined the hernia wound at that time only to see if it was open, which opening could cause an infection, but did nothing to treat the wound. The plaintiff asserted in response that the defendant had treated him for the hernia wound on March 29, 2005, and, thus, the action was timely pursuant to the continuous treatment doctrine. In an order dated March 27, 2008, the Supreme Court, inter alia, denied that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred insofar as asserted against him, and we affirmed the order (see *Piro v Macura*, 58 AD3d 707 [2009]).

Following discovery, the defendant moved for summary judg-

ment dismissing the complaint insofar as asserted against him on the ground that the complaint was time-barred and on the merits. He submitted, inter alia, the transcript of the plaintiff's deposition. In the order appealed from, the Supreme Court granted that branch of the defendant's motion which was for summary judgment dismissing the complaint as time-barred insofar as asserted against him and, in view of that determination, did not decide the branch of the defendant's motion which was for summary judgment dismissing the complaint on the merits insofar as asserted against him.

Initially, we reject the plaintiff's contention that the Supreme Court erred in considering the defendant's motion for summary judgment because the defendant's previous motion to dismiss pursuant to CPLR 3211 (a) (5) had been denied. Although the defendant's initial motion made after issue was joined should properly have been framed as one for summary judgment (*see Rich v Lefkovits*, 56 NY2d 276 [1982]; *Kavoukian v Kaletta*, 294 AD2d 646 [2002]), the policy against multiple motions for summary judgment is not applicable here, as the previous motion was made before discovery commenced (*see Newburgh Winnelson Co. v Baisch Mech., Inc.*, 30 AD3d 495 [2006]; *Matter of Mega Personal Lines, Inc. v Halton*, 9 AD3d 553 [2004]; *McNeil v Wagner Coll.*, 246 AD2d 516 [1998]; *La Freniere v Capital Dist. Transp. Auth.*, 105 AD2d 517 [1984]). The instant motion was based, in part, on evidence developed during discovery.

Pursuant to CPLR 214-a, "[a]n action [alleging] medical . . . malpractice must be commenced within two years and six months of the act, omission or failure complained of or last treatment where there is continuous treatment for the same illness, injury or condition which gave rise to the said act, omission or failure." Thus, where the continuous treatment doctrine applies, "the time in which to bring a malpractice action is stayed 'when the course of treatment which includes the wrongful acts or omissions has run continuously and is related to the same original condition or complaint' " (*McDermott v Torre*, 56 NY2d 399, 405 [1982], quoting *Borgia v City of New York*, 12 NY2d 151, 155 [1962]; *see Young v New York City Health & Hosps. Corp.*, 91 NY2d 291, 296 [1998]; *Allende v New York City Health & Hosps. Corp.*, 90 NY2d 333, 338 [1997]).

In support of that branch of the defendant's motion which was for summary judgment dismissing the complaint as time-barred insofar as asserted against him, the defendant demonstrated, prima facie, that the action was commenced more than two years and six months after the last treatment for the umbilical hernia on December 7, 2004 (*see Piro v Macura*, 58 AD3d

707, 708 [2009]; *Kaufmann v Fulop*, 47 AD3d 682, 683-684 [2008]; *Texeria v BAB Nuclear Radiology, P.C.*, 43 AD3d 403, 405 [2007]; *LaRocca v DeRicco*, 39 AD3d 486, 486-487 [2007]; *Chinosi v Kringstein*, 7 AD3d 558 [2004]). However, in opposition, the plaintiff raised a triable issue of fact by adducing evidence that the defendant's treatment of the plaintiff's hernia wound had continued until March 29, 2005 (*see Piro v Macura*, 58 AD3d at 708; *Shifrina v City of New York*, 5 AD3d 660, 662 [2004]; *Couch v County of Suffolk*, 296 AD2d 194 [2002]). Contrary to the defendant's contentions, the fact that the plaintiff consulted another doctor for treatment of the same condition " 'does not necessarily establish that he lost his continuing trust and confidence in the defendant' " (*Piro v Macura*, 58 AD3d at 709, quoting *Marmol v Green*, 7 AD3d 682, 682 [2004] [some internal quotation marks omitted]; *see Richardson v Orentreich*, 64 NY2d 896, 898 [1985]), especially since the plaintiff continued to visit the defendant.

Accordingly, that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against him as time-barred should have been denied. In light of our determination that the complaint is not time-barred insofar as asserted against the defendant, we must remit the matter to the Supreme Court, Kings County, for a determination of the remaining branch of the defendant's motion which was for summary judgment dismissing the complaint on the merits insofar as asserted against him. Dillon, J.P., Leventhal, Belen and Lott, JJ., concur.