In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Adams, J.), entered April 11, 2012, which granted the defendant’s motion pursuant to CFLR 3211 (a) (5) to dismiss the complaint as time-barred.
Ordered that the order is reversed, on the law, with costs, and the defendant’s motion is denied.
On August 12, 2005, the plaintiffs’ decedent, then 89 years old, was a patient at the defendant, St. Francis Hospital, when, after getting out of bed in a “confused state,” he began walking through the hallway. The decedent’s medical record indicates *526 that he refused assistance, started screaming, and attempted to hit hospital staff. The medical record notes that “[s]afety [was] maintained” and that security personnel appeared immediately to assist. A physician was then called to attend to the decedent and ordered the administration of Haldol. Based on this incident, the plaintiffs commenced the instant action. After issue was joined and some discovery was exchanged, but prior to depositions, the defendant, arguing that the action sounded in medical malpractice, moved pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred. In opposition, the plaintiffs argued, iter alia, that the action was not time-barred because the gravamen of their complaint sounds in negligence, not medical malpractice. The Supreme Court granted the defendant’s motion.
Since the defendant’s motion was made after issue was joined, the Supreme Court should have treated it as a motion for summary judgment pursuant to CPLR 3212 (see Rich v Lefkovits, 56 NY2d 276 [1982]; Piro v Macura, 92 AD3d 658, 659 [2012]; Kavoukian v Kaletta, 294 AD2d 646 [2002]). In doing so, the court was required to give “adequate notice to the parties” that the motion was being converted into one for summary judgment (CPLR 3211 [c]; see Rich v Lefkovits, 56 NY2d at 281). Here, the court failed to provide such notice, and the notice requirement was not excused, since the parties did not make it “unequivocally clear” that they were “laying bare their proof’ and “deliberately charting a summary judgment course” (Sokol v Leader, 74 AD3d 1180, 1183 [2010]; see Hendrickson v Philbor Motors, Inc., 102 AD3d 251 [2012]). To the contrary, in opposing the defendant’s motion, the plaintiffs argued, inter alia, that the motion should be denied as premature pursuant to CPLR 3212 (f), since further discovery was needed in order to resolve the statute of limitations issue.
An award of summary judgment would be premature at this stage of the case. CPLR 3212 (f) permits a court to deny a motion for summary judgment where it appears that the facts essential to oppose the motion “exist but cannot then be stated” (CPLR 3212 [f]; see Jones v American Commerce Ins. Co., 92 AD3d 844, 845 [2012]). “ ‘This is especially so where the opposing party has not had a reasonable opportunity for disclosure prior to the making of the motion’ ” (James v Aircraft Serv. Intl. Group, 84 AD3d 1026, 1027 [2011], quoting Baron v Incorporated Vil. of Freeport, 143 AD2d 792, 793 [1988]; see Gardner v Cason, Inc., 82 AD3d 930 [2011]). Here, the defendant’s motion to dismiss the complaint was made prior to the parties conducting depositions. Since the plaintiffs had no *527 personal knowledge of the relevant facts, they should be afforded the opportunity to conduct discovery, including depositions of the defendant’s employees and other witnesses that were present during the incident complained of (see Jones v American Commerce Ins. Co., 92 AD3d at 845; Gardner v Cason, Inc., 82 AD3d at 931).
The parties’ remaining contentions are without merit or need not be addressed in light of our determination.
Accordingly, the Supreme Court should have denied the defendant’s motion (see Jones v American Commerce Ins. Co., 92 AD3d at 845; Gardner v Cason, Inc., 82 AD3d at 931). Mastro, J.P., Rivera, Lott and Cohen, JJ., concur.