Bank of N.Y. Mellon Trust Co., N.A. v Lagasse (2020 NY Slip Op 06481)





Bank of N.Y. Mellon Trust Co., N.A. v Lagasse


2020 NY Slip Op 06481


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2019-05690
 (Index No. 620372/18)

[*1]Bank of New York Mellon Trust Company, National Association, etc., plaintiff, 
v
Melissa J. Lagasse, et al., defendants, Fire Island, Associates, LLC, appellant.


Thomas J. Stock (Victor A. Carr, Mineola, NY, of counsel), for appellant.
Duane Morris LLP, New York, NY (Brett L. Messinger of counsel), for plaintiff.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Fire Island, Associates, LLC, appeals from an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated April 4, 2019. The order denied that defendant's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it as time-barred. 
ORDERED that the order is affirmed, without costs or disbursements. 
In June 2005, the defendant Melissa J. Lagasse executed a note in favor of WMC Mortgage Corp., which was secured by a mortgage granted by Melissa J. Lagasse and the defendant Gary Lagasse (hereinafter together the Lagasses), encumbering certain real property in Suffolk County. By summons and complaint dated September 5, 2007, Bank of New York Trust Company commenced an action to foreclose the mortgage against, among others, the Lagasses (hereinafter the 2007 foreclosure action). In an order dated February 25, 2009, the Supreme Court denied Bank of New York Trust Company's motion for an order of reference on the ground that it failed to establish its standing to commence the 2007 foreclosure action. The 2007 foreclosure action was subsequently discontinued.
By summons and complaint dated October 10, 2018, the plaintiff commenced this action to foreclose the mortgage against, among others, the Lagasses and the defendant Fire Island, Associates, LLC (hereinafter Fire Island), the owner of the subject property. Fire Island moved pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it as time-barred. In support of the motion, Fire Island submitted, inter alia, the complaint in the 2007 foreclosure action, as well as the order dated February 25, 2009, finding that the plaintiff had failed to establish its standing in the 2007 foreclosure action. In an order dated April 4, 2019, the Supreme Court denied Fire Island's motion, and Fire Island appeals. 
"A defendant who seeks dismissal of a complaint pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations bears the initial burden of proving, prima facie, that the time in which to sue has expired" (Gravel v Cicola, 297 AD2d 620, 620; see Texeria [*2]v BAB Nuclear Radiology, P.C., 43 AD3d 403, 405). The statute of limitations for a mortgage foreclosure action is six years (see CPLR 213[4]).
With respect to a mortgage payable in installments, there are separate causes of action for each unpaid installment, and the statute of limitations begins to run on the date each installment becomes due (see HSBC Bank USA v Rinaldi, 177 AD3d 583, 584-585; Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 982). However, "even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (EMC Mtge. Corp. v Patella, 279 AD2d 604, 605; see Wells Fargo Bank, N.A. v Burke, 94 AD3d at 982). A mortgage debt may be accelerated when a lender commences a mortgage foreclosure action against the borrower and seeks payment of the full balance due in the complaint (see HSBC Bank USA v Rinaldi, 177 AD3d at 585; Milone v US Bank N.A., 164 AD3d 145, 152). However, the acceleration of a mortgage debt by commencement of an action "is only valid if the party making the acceleration had standing at that time to do so" (Milone v US Bank N.A., 164 AD3d at 153; see HSBC Bank USA v Rinaldi, 177 AD3d at 585).
Here, Fire Island failed to establish that there was a valid exercise of the option to accelerate the debt in the 2007 foreclosure action, since its own submissions in support of its motion failed to eliminate questions of fact as to whether the plaintiff lacked the authority to accelerate the debt or to sue to foreclose at that time (see U.S. Bank N.A. v Gordon, 158 AD3d 832, 836; Wells Fargo Bank, N.A. v Burke, 94 AD3d at 983; EMC Mtge. Corp. v Suarez, 49 AD3d 592, 593). Therefore, Fire Island failed to satisfy its initial burden of demonstrating, prima facie, that the time within which to commence the action has expired (see U.S. Bank N.A. v Gordon, 158 AD3d at 836).
Fire Island's remaining contentions either are without merit or need not be reached in light of our determination. 
Accordingly, under the circumstances of this case, we agree with the Supreme Court's determination denying Fire Island's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it as time-barred, notwithstanding the plaintiff's failure to submit opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Murray v Ardsley Union Free Sch. Dist., 162 AD3d 890, 891).
CHAMBERS, J.P., ROMAN, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court