Anonymous J.A. v Golden Fields, LLC (2024 NY Slip Op 51374(U))

[*1]

Anonymous J.A. v Golden Fields, LLC

2024 NY Slip Op 51374(U)

Decided on October 1, 2024

Supreme Court, Washington County

Muller, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 1, 2024
Supreme Court, Washington County

Anonymous J.A., Plaintiff,

against
Golden Fields, LLC, Defendant.
ANONYMOUS J.A., Plaintiff, 
against
DYLAN RIPPE, MARC RIPPE, CHRISTINE RIPPE, CHILI SOCCER ASSOCIATION, INC., and NEW YORK STATE WEST YOUTH SOCCER ASSOCIATION, INC., Defendants.

Index No. EC2022-33930

Mandel Clemente, P.C., East Greenbush (Linda Mandel Clemente, of counsel) for plaintiff.
Roemer Wallens Gold & Mineaux, LLP, Albany (Matthew Kelly, of counsel) for defendant Golden Fields, LLC.
Law Office of Robert L. Hartford, Getzville (Jennifer Schiffmacher, of counsel) for defendants Chili Soccer Association, Inc. and New York State West Youth Soccer Association, Inc.

Robert J. Muller, J.

Plaintiff moves pursuant to CPLR 602(b), to consolidate the instant action commenced on April XX, 2022, pending in this court, with an action commenced on September 6, 2019, in [*2]the Saratoga County Supreme Court, captioned J.A. v. Dylan Rippe et al., Index No. 2019-2999, and to proceed to trial in the Washington County Supreme Court.[FN1]

In addition to opposing the consolidation defendant Golden Fields, LLC cross moves for dismissal under CPLR based upon its affirmative defense that the statute of limitations had expired prior to commencement. "On a motion to dismiss pursuant to CPLR §3211 (a) (5) on statute of limitations grounds, the defendant has the initial burden of establishing that the limitations period has expired" (Rider v Rainbow Mobile Home Park, LLP, 192 AD3d 1561, 1561-1562 [4th Dept 2021]). Once a defendant meets that initial burden, the burden shifts "to plaintiff to aver evidentiary facts . . . establishing that the statute of limitations has not expired, that it is tolled, or that an exception to the statute of limitations applies" (id. at 1562 [internal quotation marks omitted]).
The date of the incident was July 17, 2016 when plaintiff was fifteen years old. His date of birth is September XX, 2000 which, under the infancy toll, required commencement within three years of his 18th birthday, that being September XX, 2018.(CPLR §208) The final date for commencement was September XX, 2021. The case was commenced 227 days later on April XX, 2022.
Here, defendants have met their initial burden of establishing that the limitations period had expired. Pursuant to CPLR §214 (5), a three-year statute of limitations applies to an action to recover damages for personal injury. Plaintiffs' cause of action accrued on July 17, 2016, the date of the accident and would normally have expired on July 17, 2019. Due to his infancy the statute of limitations was extended for an additional three years — to September XX, 2021 [CPLR §208].
Plaintiff argues, as it now their burden to do so, that the statute of limitations was tolled when then-Governor Andrew Cuomo issued a series of Executive Orders during the COVID-19 pandemic. On March 20, 2020, Executive Order (A. Cuomo) No. 202.8 was issued, which tolled "any specific time limit for the commencement, filing, or service of any legal action, notice, motion, or other process or proceeding, as prescribed by the procedural laws of the state, including but not limited to . . . the civil practice law and rules" (9 NYCRR 8.202.8). Thereafter, nine subsequent executive orders were issued that extended the temporary suspension or tolling period, eventually through November 3, 2020 (see Executive Order [A. Cuomo] Nos. 202.14, 202.28, 202.38, 202.48, 202.55, 202.55.1, 202.60, 202.67, 202.72; [9 NYCRR 8.202.14, 8.202.28, 8.202.38, 8.202.48, 8.202.55, 8.202.60, 8.202.67, 8.202.72].
The statute of limitations tolled from March 20, 2020  when the first executive order was issued  to November 3, 2020 when the toll ended — a total of 228 days. The toll imposed by the executive orders did not extend the statute of limitations indefinitely but merely suspended the running of the applicable statute of limitations for a finite time period and this period of toll, 228 days, is excluded from the calculation of the time in which the plaintiff had to commence the action. (Matter of Roach v Cornell Univ., 207 AD3d 931, 931 [3d Dept 2022]). Therefore, the last date for filing was extended from September XX, 2021 - for 228 days- to [*3]April XX, 2022.
The Court is not persuaded by defendant's contention that plaintiff's statute of limitations was already tolled for three years due to infancy under CPLR §208, and therefore an additional 228-day toll imposed by the executive orders, would constitute an impermissible "stacking" of the statute of limitations. Defendant's reliance upon John Doe No. 6 v Yeshiva & Mesivta Torah Temimah, Inc., 21 Misc 3d 443 [Sup Ct, Kings County 2008], is distinguishable from the facts of the present case. In John Doe No. 6, plaintiff attempted to run the three-year infancy toll and ten-year insanity toll under CPLR §208 consecutive to each other. That court looked to the legislative intent of that statute and held that even though plaintiff was independently entitled to both tolls, such tolls run concurrently. (id. at 449). 
In comparison, the Executive Orders issued in connection with the COVID-19 public health crisis state without ambiguity, "any specific time limit for the commencement, filing, or service of any legal action, notice, motion, or other process or proceeding, as prescribed by the procedural laws of the state, including but not limited to . . . the civil practice law and rules is hereby tolled" (9 NYCRR 8.202.8). (see Harden v Weinraub, 221 AD3d 1460, 1461-1462 [4th Dept 2023]; McLaughlin v Snowlift, Inc., 214 AD3d 720, 720-722 [2d Dept. 2024); Murphy v Harris, 210 AD3d 410 [1st Dept 2022]; Brash v Richards, 195 AD3d 582 [2d Dept 2021]
The Court finds this action was timely commenced on April XX, 2022, within the statute of limitations, as a result of the Executive Orders toll of those limitations, (see Espinal v Port Auth. of NY & N.J., 184 N.Y.S.3d 98, 213 AD3d 101 [3d Dept 2023] [one-year statute of limitations which would have ended on May 7, 2020, satisfied by commencement on November 4, 2020]; Brash v Richards, 195 AD3d 582 [2d Dept 2021] [30-day deadline running from October 2, 2020, satisfied by service and filing on November 10, 2020]; Matter of Roach v Cornell Univ., 207 AD3d 931, [3d Dept 2022] [four-month statute of limitations which accrued on April 20, 2020, during Cuomo Period, was stayed and commenced after November 3, 2020; four-months, not 228 days, to begin then, so March 11, 2021 filing was late]; Powell v United States, 2022 US Dist LEXIS 93314 [SD NY May 24, 2022]).
Defendant also cross moves for dismissal of the action based upon plaintiff's alleged willful refusal to engage in discovery pursuant to CPLR §3124. No discovery motion may be filed unless counsel personally confer to resolve the discovery issue in accordance with the Uniform Rules of Trial Courts (22 NYCRR) §202.7 and, the motion papers demonstrate compliance with that section. Defendant's moving papers do not affirm that counsel has conferred with opposing counsel in good faith in an effort to resolve the issues raised in the motion and therefore said motion is denied.
Turning now to plaintiff's motion to consolidate. Upon review of the Saratoga County Supreme Court docket, it is determined there is currently a pending motion for summary judgment filed by defendants Chili Soccer Association, Inc. and New York State West Youth Soccer Association, Inc. which is returnable on October 31, 2024. In view of the pending motion, the Court denies plaintiff's motion to consolidate without prejudice.
Having thus considered NYSCEF document nos. 21 through 46 it is hereby
ORDERED, that defendant's motion to dismiss the action pursuant to CPLR §3211(a)(5) is denied; and it is further
ORDERED, that defendant's motion to dismiss the action under CPLR §3124 is denied; and it is further
ORDERED, that plaintiff's motion for consolidation is denied without prejudice, and it [*4]is further
ORDERED, that any relief not specifically addressed herein as nonetheless been considered and is expressly denied, and it is further
The above constitutes the Decision and Order of this Court.
The original of this Decision and Order has been e-filed by the Court. Counsel for plaintiff is hereby directed to serve a copy of the Decision and Order with notice of entry in accordance with CPLR 5513.
It is SO ORDERED
Dated: October 1, 2024
Lake George, New York
ROBERT J. MULLER, J.S.C
ENTER:

Footnotes

Footnote 1: Plaintiff's name has been redacted for privacy. Defense counsel for Chili Soccer Association, Inc. and New York State West Youth Soccer Association, Inc. submitted a letter stating these defendants took no position on plaintiff's motion for consolidation of the Saratoga County Supreme Court case.