P.S.C. Community Servs., Inc. v New York State Catholic Health Plan, Inc. (2025 NY Slip Op 05815)

P.S.C. Community Servs., Inc. v New York State Catholic Health Plan, Inc.

2025 NY Slip Op 05815

Decided on October 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
BARRY E. WARHIT
LILLIAN WAN
PHILLIP HOM, JJ.

2024-04427
 (Index No. 702580/23)

[*1]P.S.C. Community Services, Inc., respondent,
v
New York State Catholic Health Plan, Inc., appellant, et al., defendant.

Robinson & Cole LLP, New York, NY (Michael H. Bernstein of counsel), for appellant.
Bond, Schoeneck & King, PLLC, Rochester, NY (John F. Darling and Curtis A. Johnson of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for violations of Insurance Law § 3224-a, the defendant New York State Catholic Health Plan, Inc., appeals from an order of the Supreme Court, Queens County (Leonard Livote, J.), dated January 8, 2024. The order denied that defendant's motion pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
The plaintiff is a New York corporation licensed to operate a home care services agency and was a participating provider within the Fidelis Care network for home services. The defendant New York State Catholic Health Plan, Inc. (hereinafter NYSCHP), formerly doing business as Fidelis Care, was a corporation registered to provide insurance products. In 2018, NYSCHP sold Fidelis Care to the defendant New York Quality Healthcare Corporation. The plaintiff allegedly submitted 9,384 insurance claims, in the total amount of $273,919.77, to NYSCHP, but began to have difficulty with "an increasing number of reimbursement shortfalls . . . due to claims having been denied either in whole or in part."
In February 2023, the plaintiff commenced this action to recover damages for violations of Insurance Law § 3224-a, alleging that the defendants "failed to timely pay claims submitted by [the p]laintiff for health care services . . . pursuant to the requirement of the Insurance Law." NYSCHP moved pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against it on the ground, among others, that the action was time-barred. The plaintiff opposed the motion. In an order dated January 8, 2024, the Supreme Court denied the motion. NYSCHP appeals.
Insurance Law § 3224-a, known as the Prompt Pay Law, "imposes standards upon insurers for the prompt, fair and equitable payment of claims for health care services. The statute sets forth time frames within which an insurer must either pay a claim, notify the claimant of the reason for denying a claim, or request additional information. An insurer that fails to comply with the provisions of the Prompt Pay Law is obligated to pay the full amount of the claim, with interest" (Maimonides Med. Ctr. v First United Am. Life Ins. Co., 116 AD3d 207, 208 [internal quotation [*2]marks omitted]). "A defendant who seeks dismissal of a complaint pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations bears the initial burden of proving, prima facie, that the time in which to commence an action has expired" (Texeria v BAB Nuclear Radiology, P.C., 43 AD3d 403, 405; see Bank of N.Y. Mellon Trust Co., N.A. v Lagasse, 188 AD3d 775, 776). The statute of limitations in this action is three years (see CPLR 214[2]).
Here, NYSCHP failed to satisfy its initial burden of demonstrating, prima facie, that the cause of action was time-barred (see generally Hershman v Bank of N.Y. Mellon, 219 AD3d 812, 814; Bank of N.Y. Mellon Trust Co., N.A. v Lagasse, 188 AD3d at 777). The plaintiff alleged that NYSCHP failed to timely reimburse it for claims that were originally submitted between 2012 and 2018 and resubmitted as clean claims in March 2022. Thus, NYSCHP failed to establish that the cause of action accrued more than three years before the action was commenced (see CPLR 214[2]). Therefore, NYSCHP failed to demonstrate that the time within which to commence the action had expired (see id.; Bank of N.Y. Mellon Trust Co., N.A. v Lagasse, 188 AD3d at 776).
Accordingly, the Supreme Court properly denied NYSCHP's motion pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against it.
BARROS, J.P., WARHIT, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court