■ THOMAS HELLMAN, Appellant, v HOENIG & Co., INC., et al., Respondents, et al., Defendants. [665 NYS2d 581] —In an action, *inter alia,* to recover damages for breach of contract and fraud, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (DiBlasi, J.), entered September 11, 1996, as granted the corporate defendants' motion for summary judgment which was to dismiss the third, fourth, fifth, and sixth causes of action insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly held that the third cause of action of the amended complaint did not relate back to the date when the original complaint was served for Statute of Limitations purposes (*see,* CPLR 203 [f]). The allegations contained in the original complaint did not give notice of the transactions or occurrences complained of in the amended complaint (*see, Perez v Wegman Cos.,* 181 AD2d 1010). Therefore, the third cause of action was time-barred (*see, Rende v Cutrofello,* 226 AD2d 694).

Moreover, the fourth and fifth causes of action, although set forth in language sounding in constructive trust and accounting, are in essence claims for conversion (*see, Cadwalader Wickersham & Taft v Spinale,* 177 AD2d 315). "In applying the Statute of Limitations, courts must look to the essence of the claim, and not to the form in which it is pleaded" (*Green Bus Lines v General Motors Corp.,* 169 AD2d 758, 759). Accordingly, the Supreme Court properly dismissed these causes of action, as the three-year Statute of Limitations had expired.

Finally, the sixth cause of action alleging fraud, based upon statements allegedly made in November 1987, was also properly dismissed as being time-barred. There is no merit to the plaintiff's contention that he did not discover, or could not have discovered with reasonable diligence, the falsity of the statements more than two years before the commencement of the action (*see,* CPLR 213 [8]; *Rattner v York,* 174 AD2d 718, 721). Pizzuto, J. P., Santucci, Joy and Florio, JJ., concur.