■ GELMAC QUALITY FEEDS, INC., Appellant-Respondent, v RICHARD L. RONNING et al., Respondents-Appellants. [804 NYS2d 174]—

Appeal and cross appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered June 29, 2004. The order denied plaintiff's motion for leave to amend the complaint and granted in part and denied in part defendants' cross motion to dismiss the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the cross motion in its entirety and dismissing the complaint and as modified the order is affirmed without costs.

Memorandum: In August 1993, plaintiff contracted with defendants to design and construct an animal feed manufacturing plant. Plaintiff had continual problems with both the design of the plant and the equipment supplied by defendants, and

within weeks after becoming operational the plant was shut down by the New York State Department of Environmental Conservation (DEC) for failure to comply with applicable regulations. Plaintiff retained another engineer after affording defendants the opportunity to comply with the DEC regulations, and the plant became operational again in December 1994. In July 1999, plaintiff commenced this action against defendants for breach of contract and, in February 2003, plaintiff moved for leave to amend the complaint by adding a second cause of action against defendant Richard L. Ronning for fraudulent inducement. The proposed amendment patently lacks merit (*see generally McFarland v Michel*, 2 AD3d 1297, 1300 [2003]; *MS Partnership v Wal-Mart Stores*, 2 AD3d 1482, 1485 [2003]), and thus we conclude that Supreme Court did not abuse its discretion in denying plaintiff's motion (*see generally* CPLR 3025 [b]; *Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959 [1983]). It is well settled that a necessary element of a cause of action for fraudulent inducement is detrimental reliance on a material representation known to be false (*see New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 318 [1995]; *Merrill Lynch, Pierce, Fenner & Smith, Inc. v Wise Metals Group, LLC*, 19 AD3d 273, 275 [2005]), and plaintiff herein failed to plead detrimental reliance (*see Dos v Scelsa & Villacara*, 200 AD2d 705, 707 [1994], *lv denied* 84 NY2d 840 [1994]; *see also Knight Sec. v Fiduciary Trust Co.*, 5 AD3d 172, 173 [2004]; *Walters v Pennon Assoc.*, 188 AD2d 596 [1992]). In any event, we further conclude that the proposed cause of action is time-barred because the alleged fraudulent inducement occurred more than six years before plaintiff sought leave to amend the complaint and more than two years after plaintiff had all the necessary facts to have discovered the alleged fraud with the exercise of reasonable diligence (*see Rattner v York*, 174 AD2d 718, 721 [1991]; *see also Hellman v Hoenig & Co.*, 244 AD2d 529 [1997], *lv denied* 92 NY2d 814 [1998]; *cf. Rice v Heilbronner*, 272 AD2d 957 [2000]; *see generally* CPLR 213 [8]; *Trepuk v Frank*, 44 NY2d 723, 724-725 [1978]).

The court erred, however, in denying that part of defendants' cross motion seeking dismissal of the first cause of action insofar as it was asserted against defendant Ronning Engineering Company, Inc., and thus should have dismissed the complaint in its entirety. We agree with defendants that the first cause of action is "essentially a malpractice claim . . . couched in breach of contract terms in order to benefit from the six-year statute of limitations" (*Matter of R.M. Kliment & Frances Halsband, Architects [McKinsey & Co., Inc.]*, 3 NY3d 538, 543 [2004]). The malpractice action accrued "upon completion of performance,

when the . . . professional relationship with plaintiff end[ed]" (*County of Rockland v Kaeyer, Garment & Davidson Architects,* 309 AD2d 891, 891 [2003]; *see Parsons Brinckerhoff Quade & Douglas v EnergyPro Constr. Partners,* 271 AD2d 233, 234 [2000]; *see also Barbieri v Shayne, Dachs, Stanisi, Corker, & Sauer,* 304 AD2d 512 [2003]). Although the precise date on which the parties' relationship ended is not clear from the record, the record establishes that the relationship ended during the year 1994. The instant action was commenced in July 1999, well beyond the three-year statute of limitations period of CPLR 214 (6), and thus the first cause of action is time-barred. We therefore modify the order accordingly. Present—Pigott, Jr., P.J., Hurlbutt, Martoche, Pine and Hayes, JJ.