WALDEMAR MURRAY et al., Appellants, v MITCHELL CHARAP, M.D., Respondent. [54 NYS3d 28]—

In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiffs appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Suffolk County (Garguilo, J.), dated November 22, 2013, as granted that branch of the defendant's motion which was for leave to reargue, and upon reargument, in effect, vacated the determination in an order dated August 12, 2013, denying that branch of the defendant's prior motion which was to dismiss, as time-barred, the causes of action to recover damages for medical malpractice and lack of informed consent arising from treatment rendered prior to May 22, 2001, and thereupon granted that branch of the motion, and (2) so much of an order of the same court dated April 21, 2014, as denied their motion for leave to reargue.

Ordered that the appeal from the order dated April 21, 2014, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated November 22, 2013, is modified, on the law, by deleting the provision thereof which, upon reargument, in effect, vacated the determination in the order dated August 12, 2013, denying that branch of the defendant's prior motion which was to dismiss, as time-barred, the causes of action to recover damages for medical malpractice and lack of informed consent arising from treatment rendered prior to May 22, 2001, and thereupon granted that branch of the motion, and substituting therefor a provision, upon reargument, adhering to the determination in the order dated August 12, 2013, denying that branch of the defendant's prior motion; as so modified, the order dated November 22, 2013, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The plaintiff Waldemar Murray (hereinafter the plaintiff)

sought treatment from the defendant, Mitchell Charap, a physician practicing internal medicine, on seven occasions from September 1993 through April 2004. In July 2005, the plaintiff underwent coronary artery bypass surgery. The plaintiff, and his wife suing derivatively, thereafter commenced this action on August 17, 2006, inter alia, to recover damages for medical malpractice and lack of informed consent.

The defendant moved, inter alia, pursuant to CPLR 3211 (a) (5) to dismiss the medical malpractice and lack of informed consent causes of action as time-barred by the 2½ year statute of limitations. By order dated August 12, 2013, the Supreme Court determined that the claims arising from treatment rendered from May 22, 2001, to April 1, 2004, were not barred by the statute of limitations, and denied that branch of the defendant's motion. Since no determination was rendered with respect to treatment rendered prior to May 22, 2001, the defendant moved for reargument. By order dated November 22, 2013, the court, among other things, granted that branch of the defendant's motion which was for leave to reargue, and upon reargument, granted that branch of his motion which was to dismiss the medical malpractice and lack of informed consent causes of action arising from treatment rendered prior to May 22, 2001, as barred by the statute of limitations.

A party moving pursuant to CPLR 3211 (a) (5) to dismiss a complaint as barred by the applicable statute of limitations must establish, prima facie, that the period in which to commence the action has expired (*see QK Healthcare, Inc. v InSource, Inc.*, 108 AD3d 56, 65 [2013]; *Baptiste v Harding-Marin*, 88 AD3d 752, 753 [2011]). The burden then shifts to the nonmoving party to raise a question of fact as to the applicability of an exception to the statute of limitations, as to whether the statute of limitations was tolled, or as to whether the action was actually commenced within the applicable limitations period (*see Singh v New York City Health & Hosps. Corp. [Bellevue Hosp. Ctr. & Queens Hosp. Ctr.]*, 107 AD3d 780, 781 [2013]; *Baptiste v Harding-Marin*, 88 AD3d at 753; *Williams v New York City Health & Hosps. Corp.*, 84 AD3d 1358, 1359 [2011]).

Here, the defendant established, prima facie, that so much of the complaint as was based on alleged acts of medical malpractice and lack of informed consent occurring prior to May 22, 2001, was time-barred by demonstrating that the action was commenced on August 17, 2006 (*see* CPLR 214-a; *Campone v Panos*, 142 AD3d 1126 [2016]; *Nisanov v Khulpateea*, 137 AD3d 1091, 1093 [2016]). However, in opposition to that prima facie

showing, the plaintiffs raised a question of fact as to whether the continuous treatment doctrine applied to toll the statute of limitations. Under the continuous treatment doctrine, the limitations period does not begin to run until the end of the course of treatment if three conditions are met: (1) the patient "continued to seek, and in fact obtained, an actual course of treatment from the defendant physician during the relevant period"; (2) the course of treatment was "for the same conditions or complaints underlying the plaintiff's medical malpractice claim"; and (3) the treatment is "continuous" (*Gomez v Katz*, 61 AD3d 108, 111-112 [2009]).

According to the defendant, during the relevant period prior to May 22, 2001, he prescribed and refilled the plaintiff's prescriptions for cholesterol-lowering medications, told the plaintiff to resume his diet, explained to the plaintiff that he had elevated cholesterol and that it was a risk for heart disease, and had a conversation with the plaintiff to make sure he was taking his medication. "The continuous treatment rule applies to the period if prescriptions are being issued by the doctor where there is a 'continuing relationship' with the patient" (*Forte v Weiner*, 214 AD2d 397, 399 [1995], quoting *Stilloe v Contini*, 190 AD2d 419, 421 [1993]). Therefore, the plaintiffs raised a question of fact as to whether their claims with respect to treatment prior to May 22, 2001, were barred by the statute of limitations. Accordingly, upon reargument, the Supreme Court should have adhered to its original determination in the order dated August 12, 2013, denying that branch of the defendant's motion which was to dismiss, as time-barred, the causes of action to recover damages for medical malpractice and lack of informed consent arising from treatment rendered prior to May 22, 2001. Leventhal, J.P., Cohen, Hinds-Radix and Connolly, JJ., concur.