■ Jose Franqui, Respondent, v Tatiana Korol et al., Appellants. [62 NYS3d 452]—In an action to recover damages for dental malpractice and lack of informed consent, the defendants appeal from an order of the Supreme Court, Kings County (Jacobson, J.), dated May 17, 2016, which denied their motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred without prejudice to renewal upon the completion of discovery.

Ordered that the order is affirmed, with costs.

To dismiss a cause of action pursuant to CPLR 3211 (a) (5) on the ground that it is barred by the statute of limitations, a defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired (*see Murray v Charap*, 150 AD3d 752 [2017]; *Wei Wei v Westside Women's Med. Pavilion, P.C.*, 115 AD3d 662, 663 [2014]; *Singh v New York City Health & Hosps. Corp. [Bellevue Hosp. Ctr. & Queens Hosp. Ctr.]*, 107 AD3d 780, 781 [2013]; *Texeria v BAB Nuclear Radiology, P.C.*, 43 AD3d 403, 405 [2007]). The burden then shifts to the nonmoving party to raise a question of fact as to the applicability of an exception to the statute of limitations, as to whether the statute of limitations was tolled, or as to whether the action was actually commenced within the applicable limitations period (*see Singh v New York City Health & Hosps. Corp. [Bellevue Hosp. Ctr. & Queens Hosp. Ctr.]*, 107 AD3d at 781; *Williams v New York City Health & Hosps. Corp.*, 84 AD3d 1358, 1359 [2011]).

Here, by their submissions, the defendants established that the last time they treated the plaintiff was on March 12, 2012. Therefore, the defendants demonstrated, prima facie, that the applicable 2½-year limitations period (*see* CPLR 214-a) expired on September 12, 2014, and that this action was untimely commenced on September 17, 2014. In opposition, however, the plaintiff raised a question of fact as to whether the defendants had treated the plaintiff through March 20, 2012, and whether the action was timely commenced (*see Martino v Panos*, 131 AD3d 1137, 1138 [2015]; *Ducillo v Hudson Val. at St. Francis, LLC*, 128 AD3d 885, 886 [2015]; *Ford v Phillips*, 121 AD3d 1232, 1234 [2014]).

Accordingly, the Supreme Court properly denied the defendants' motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred without prejudice to renewal upon the completion of discovery. Rivera, J.P., Roman, Maltese and LaSalle, JJ., concur.