Berger v Stolzenberg (2018 NY Slip Op 01176)





Berger v Stolzenberg


2018 NY Slip Op 01176


Decided on February 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2016-07202
 (Index No. 1866/14)

[*1]John Berger, appellant, 
v
Sol S. Stolzenberg, etc., et al., defendants, Tatyana Berman, respondent.


Lutfy & Santora, Staten Island, NY (James L. Lutfy of counsel), for appellant.
Kutner Friedrich, LLP, New York, NY (Michael Kutner of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for dental malpractice and lack of informed consent, the plaintiff appeals from an order of the Supreme Court, Kings County (Spodek, J.), dated May 13, 2016, which granted the motion of the defendant Tatyana Berman pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her on the ground that it is barred by the statute of limitations.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Tatyana Berman pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her on the ground that it is barred by the statute of limitations is denied.
The plaintiff was a patient at the defendant Toothsavers Dental Services, P.C. (hereinafter Toothsavers), from 2004-2013. The defendant Tatyana Berman was employed by Toothsavers and treated the plaintiff during this time period. The plaintiff commenced this action against the defendants on February 17, 2015, alleging dental malpractice and lack of informed consent. After issue was joined, Berman moved pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her on the ground that it is barred by the statute of limitations, contending that the last date on which she treated the plaintiff was August 15, 2009. The plaintiff opposed the motion, contending that the motion was premature. The Supreme Court granted the motion, and we reverse.
A defendant who moves to dismiss a complaint pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations bears the initial burden of proving, prima facie, that the time in which to sue has expired (see Murray v Charap, 150 AD3d 752, 753; Wei Wei v Westside Women's Med. Pavilion, P.C., 115 AD3d 662, 663; Singh v New York City Health & Hosps. Corp. [Bellevue Hosp. Ctr. & Queens Hosp. Ctr.], 107 AD3d 780, 781; Texeria v BAB Nuclear Radiology, P.C., 43 AD3d 403, 405). The burden then shifts to the nonmoving party to raise a question of fact as to the applicability of an exception to the statute of limitations, as to whether the statute of limitations was tolled, or as to whether the action was actually commenced within the applicable limitations period (see Singh v New York City Health & Hosps. Corp. [Bellevue Hosp. Ctr. & Queens Hosp. Ctr.], 107 AD3d at 781; Baptiste v Harding-Marin, 88 AD3d 752, 753; Williams v New York City Health & Hosps. Corp., 84 AD3d 1358, 1359).
Here, Berman failed to establish, prima facie, that the time in which to sue had expired, as she failed to establish the last time she had treated the plaintiff. In support of her motion, Berman submitted a terse affidavit and what she purported to be the plaintiff's dental records. In her affidavit, Berman did not state any independent recollection as to when she treated the plaintiff, but based her averments solely on her review of the submitted dental records. Those dental records were not certified, and in large part, were not legible. Further, while dates of treatment are noted, it is impossible to distinguish which of the many doctors affiliated with Toothsavers treated the plaintiff on any given day of treatment, including those dates of treatment that fall within the applicable 2½-year limitations period (see CPLR 214-a).
Accordingly, the Supreme Court should have denied Berman's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her.
RIVERA, J.P., COHEN, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court