Lewis v KMT Group, Inc. (2019 NY Slip Op 05115)





Lewis v KMT Group, Inc.


2019 NY Slip Op 05115


Decided on June 26, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
COLLEEN D. DUFFY
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2017-00803
 (Index No. 60235/16)

[*1]Jake Lewis, appellant, 
v
KMT Group, Inc., respondent.


Jake Lewis, Mount Vernon, NY, appellant pro se.
Michael L. Kohl, P.C., Bohemia, NY, for respondent.



DECISION & ORDER
In an action to recover damages for violations of the Fair Debt Collection Practices Act (15 USC § 1692 et seq.) and General Business Law § 349, the plaintiff appeals from an order of the Supreme Court, Westchester County (William J. Giacomo, J.), dated December 22, 2016. The order, insofar as appealed from, granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint and denied that branch of the plaintiff's cross motion which was for a preliminary injunction.
ORDERED that the order is affirmed insofar as appealed from, with costs.
A defendant who moves pursuant to CPLR 3211(a)(5) to dismiss a complaint on the ground that it is barred by the statute of limitations bears the initial burden of proving, prima facie, that the time in which to sue has expired (see Murray v Charap, 150 AD3d 752; Wei Wei v Westside Women's Med. Pavilion, P.C., 115 AD3d 662; Singh v New York City Health & Hosps. Corp. [Bellevue Hosp. Ctr. & Queens Hosp. Ctr.], 107 AD3d 780; Texeria v BAB Nuclear Radiology, P.C., 43 AD3d 403, 405). The burden then shifts to the nonmoving party to raise a question of fact as to the applicability of an exception to the statute of limitations, as to whether the statute of limitations was tolled, or as to whether the action was actually commenced within the applicable limitations period (see Singh v New York City Health & Hosps. Corp. [Bellevue Hosp. Ctr. & Queens Hosp. Ctr.], 107 AD3d at 781; Baptiste v Harding-Marin, 88 AD3d 752; Williams v New York City Health & Hosps. Corp., 84 AD3d 1358).
Here, the defendant established, prima facie, that both the one-year statute of limitations applicable to the Fair Debt Collection Practices Act (15 USC § 1692 et seq.) cause of action (see 15 USC § 1692k[d]), and the three-year statute of limitations applicable to the General Business Law § 349 cause of action (see CPLR 214[2]), which each arose in 1999, had expired by the time the plaintiff commenced this action in 2016. In opposition, the plaintiff failed to raise a question of fact.
Accordingly, we agree with the Supreme Court's determination granting the defendant's motion to dismiss the complaint, and denying that branch of the plaintiff's cross motion which was for a preliminary injunction.
LEVENTHAL, J.P., DUFFY, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court