Ibarrondo v Evans (2021 NY Slip Op 01200)





Ibarrondo v Evans


2021 NY Slip Op 01200


Decided on February 25, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 25, 2021

Before: Acosta, P.J., Renwick, Singh, Mendez, JJ. 


Index No. 157378/15 Appeal No. 13205N Case No. 2020-01645 

[*1]Marta Ibarrondo, Plaintiff-Appellant,
v
Lise Evans et al. Defendants-Respondents.


Schlam Stone & Dolan LLP, New York (Vitali S. Rosenfeld of counsel), for appellant.
Cleary Gottlieb Steen & Hamilton LLP, New York (David H. Herrington of counsel), for respondents.



Order, Supreme Court, New York County (Andrea Masley, J.), entered January 10, 2020, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for leave to amend the complaint pursuant to CPLR 3025, unanimously affirmed, without costs.
This case involves breach of contract and fraud related claims stemming from a dispute over ownership of a company formed by defendants. On a prior order not the subject of this appeal, the fraud claims were dismissed because the complaint was essentially based on alleged failures by defendants to perform on their promise to give plaintiff, among others, 75% of the equity of the company. Plaintiff tried to revive the fraud-related claims by moving for leave to amend the complaint pursuant to CPLR 3025.
Supreme Court did not abuse its discretion in denying leave to amend the complaint (CPLR 3025[b]; see e.g. MBIA Ins. Corp. v Greystone & Co., Inc., 74 AD3d 499, 500 [1st Dept 2010]). The proposed amended complaint "did not lay before the court any different or additional factual basis, but merely repeated what was in the original complaint" (Guthartz v City of New York, 84 AD2d 707, 708 [1st Dept 1981], appeal dismissed 55 NY2d 975 [1982]). Moreover, the allegations in the proposed amended complaint failed to allege the elements of fraud with particularity (Kaufman v Cohen, 307 AD2d 113, 119 [1st Dept 2003]; CIFG Assur. N. Am., Inc. v J.P. Morgan Sec. LLC, 146 AD3d 60, 63 [1st Dept 2016]; see CPLR 3016[b]). Among other things, the proposed amended complaint fails to allege any misrepresentation by defendant Lise Evans. Rather, plaintiff and the other two co-venturers were aware of and tried to find a solution for Lise's quandary of how to get a visa based on her 51% ownership of a company and their own desire to each own 25% of the company. Documents showed that it was a nonparty co-venturer, not Lise, who initially sought attorney input on and proposed an ownership structure that might satisfy the immigration requirements and the co-venturer's desire. Moreover, the court correctly concluded that the complaint failed to allege scienter, or that plaintiff reasonably relied on Lise regarding the immigration question, as she could consult an immigration attorney in the same way one of the nonparty co-venturers did.
Since plaintiff failed to allege the existence of an underlying fraud, the court properly denied leave to re-plead aiding and abetting fraud against defendant Michael Evans (Oster v Kirschner, 77 AD3d 51, 55 [1st Dept 2010]).
Furthermore, the court providently exercised its discretion in denying leave to plead a negligent misrepresentation claim because plaintiff failed to allege any special relationship between her and Lise, and failed to allege that Lise had superior knowledge, or that plaintiff reasonably relied on any misrepresentation, as she failed to engage in due diligence in a sophisticated commercial transaction. Even if Lise negligently represented that all four [*2]women ultimately could share equally in the company, any immigration attorney could advise them what ownership structure was permissible (J.A.O. Acquisition Corp. v Stavitsky, 8 NY3d 144, 148 [2007]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 25, 2021