Litton Loan Servicing, L.P. v Wasserman (2022 NY Slip Op 01154)





Litton Loan Servicing, L.P. v Wasserman


2022 NY Slip Op 01154


Decided on February 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
LARA J. GENOVESI, JJ.


2018-12155
 (Index No. 2077/09)

[*1]Litton Loan Servicing, L.P., respondent,
v
Judy Wasserman, appellant, et al, defendants.


Judy Wasserman, Southampton, NY, appellant pro se.
Hinshaw & Culbertson LLP, New York, NY (Fernando C. Rivera-Maissonet and Schuyler B. Kraus of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Judy Wasserman appeals from an order of the Supreme Court, Suffolk County (C. Randall Hinrichs, J.), dated October 31, 2017. The order, insofar as appealed from, in effect, upon reargument, adhered to a prior determination in an order of the same court dated April 24, 2017, denying that defendant's motion for leave to reargue her prior motion to vacate a judgment of foreclosure and sale dated January 21, 2010, which had been denied in an order dated March 22, 2016.
ORDERED that the order dated October 31, 2017, is affirmed insofar as appealed from, with costs.
In January 2009, the plaintiff commenced this mortgage foreclosure action against the defendant Judy Wasserman (hereinafter the defendant) and others. Upon the defendant's failure to appear or answer the complaint, a judgment of foreclosure and sale was issued, dated January 21, 2010. Prior to the foreclosure sale, the defendant moved pursuant to CPLR 5015(a)(1) to vacate the judgment of foreclosure and sale. The Supreme Court denied the motion in an order dated June 11, 2010. In September 2010, the defendant made a second motion to vacate the judgment of foreclosure and sale. The court denied that motion in an order dated December 20, 2010.
After the foreclosure sale was held, the defendant moved for a third time to vacate the judgment of foreclosure and sale. In an order dated March 22, 2016, the Supreme Court denied the motion. The defendant then moved for leave to reargue her third motion to vacate the judgment of foreclosure and sale. In an order dated April 24, 2017, the court denied the motion, concluding, among other things, that it had not overlooked or misapprehended any factual or legal issues raised in the defendant's motion. The defendant then made a motion denominated as one for leave to renew and reargue her prior motion for leave to reargue, which had been denied in the order dated April 24, 2017. In the order appealed from, dated October 31, 2017, the court, in effect, upon reargument, adhered to its prior determination.
The defendant's motion, denominated as one for renewal and reargument, was, in effect, a motion for leave to reargue, as she failed to present any new facts in support of the motion [*2](see CPLR 2221[e]). Although the Supreme Court noted certain deficiencies in the defendant's motion papers, it reviewed the merits of the defendant's contentions. Thus, the order made, in effect, upon reargument, is appealable (see Private Capital Group, LLC v Llobell, 189 AD3d 1483, 1484).
Nevertheless, the Supreme Court, upon, in effect, granting reargument, properly adhered to its prior determination, since the motion was premised on grounds asserted in her prior motions to vacate the judgment of foreclosure and sale that had been previously denied by the court in orders from which she took no appeal (see U.S. Bank N.A. v Davis, 161 AD3d 808, 809), or premised on grounds that were apparent at the time the defendant made the prior motions, but not asserted in them (see A.G. Parker, Inc. v 246 Rochester Partners, LLC, 165 AD3d 743,744-745). Moreover, it was improper for the defendant to raise new arguments in the defendant's motion, inter alia, for leave to reargue (see Blair v Allstate Indem. Co., 124 AD3d 1224, 1224-1225; Sheldrake River Realty, LLC v Village of Mamroneck, 106 AD3d 1075, 1076).
DUFFY, J.P., MILLER, ZAYAS and GENOVESI, JJ., concur.

2018-12155 DECISION & ORDER ON MOTION
Litton Loan Servicing, L.P., respondent,
v Judy Wasserman, appellant.
(Index No. 2077/09)

Motion by the plaintiff, inter alia, to dismiss an appeal from an order of the Supreme Court, Suffolk County, dated October 31, 2017, on the ground that no appeal lies from an order denying reargument. By decision and order on motion of this Court dated July 17, 2019, that branch of the motion which is to dismiss the appeal was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is
ORDERED that the branch of the motion which is to dismiss the appeal is denied.
ENTER:
Maria T. Fasulo
Clerk of the Court