Reno v Wheatland-Chili Cent. Sch. Dist. (2022 NY Slip Op 02909)

Reno v Wheatland-Chili Cent. Sch. Dist.

2022 NY Slip Op 02909

Decided on April 29, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 29, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, NEMOYER, CURRAN, AND BANNISTER, JJ.

234 CA 21-01091

[*1]KATHLEEN RENO, PLAINTIFF-RESPONDENT,
v
WHEATLAND-CHILI CENTRAL SCHOOL DISTRICT, DEFENDANT-APPELLANT, ET AL., DEFENDANT. 

HARRIS BEACH PLLC, ROCHESTER (JULIEN M. BAUMRIN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
STEVE BOYD, P.C., WILLIAMSVILLE (STEPHEN BOYD OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Monroe County (Deborah A. Chimes, J.), entered February 5, 2021. The order granted the motion of plaintiff for leave to reargue and, upon reargument, granted the cross motion of plaintiff for leave to amend the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the cross motion and as modified the order is affirmed without costs.
Memorandum: Defendant-appellant (defendant) appeals from an order that granted plaintiff's motion for leave to reargue a prior order and, upon reargument, granted plaintiff's cross motion for leave to amend the complaint by adding a cause of action for failure to report under Social Services Law § 420 (2). Even assuming, arguendo, that Supreme Court properly granted plaintiff's motion for leave to reargue, we agree with defendant that the court should have adhered to its original denial of the cross motion. It is well established that leave to amend should be denied where, inter alia, "the proposed amendment is palpably insufficient" (Hofstra Univ. v Nassau County, N.Y., 166 AD3d 861, 862 [2d Dept 2018] [internal quotation marks omitted]; see Dentes v Wetherell, 139 AD2d 899, 899 [4th Dept 1988]). Here, plaintiff's proposed cause of action under section 420 (2) is palpably insufficient because it neither pleads nor alleges facts tending to establish a necessary element of such a cause of action, i.e., that defendant's alleged failure to report was done "knowingly and willfully" (§ 420 [2]; see Ibarrondo v Evans, 191 AD3d 602, 603 [1st Dept 2021]; Galanova v Safir, 127 AD3d 686, 687 [2d Dept 2015]; Gelmac Quality Feeds, Inc. v Ronning, 23 AD3d 1019, 1020 [4th Dept 2005]; see generally Hong Qin Jiang v Li Wan Wu, 179 AD3d 1041, 1042 [2d Dept 2020]). We therefore modify the order accordingly. Defendant's remaining contention is academic in light of our determination.
Entered: April 29, 2022
Ann Dillon Flynn
Clerk of the Court