Wilmington Sav. Fund Socy., FSB v Vural (2022 NY Slip Op 05180)

Wilmington Sav. Fund Socy., FSB v Vural

2022 NY Slip Op 05180

Decided on September 14, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
JOSEPH A. ZAYAS, JJ.

2020-09306
 (Index No. 64459/14)

[*1]Wilmington Savings Fund Society, FSB, etc., respondent, 
v
Nihat Vural, appellant, et al., defendants.

Nihat Vural, Brentwood, NY, appellant pro se.
Roach & Lin, P.C., Syosset, NY (Michael C. Manniello of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Nihat Vural appeals from an order of the Supreme Court, Suffolk County (Robert F. Quinlan, J.), dated November 10, 2020. The order denied that defendant's motion to vacate an order and judgment of foreclosure and sale (one paper) of the same court entered November 23, 2018, upon his default in answering the complaint, and to set aside the foreclosure sale of the subject property, and his separate motion, inter alia, to vacate the order and judgment of foreclosure and sale.
ORDERED that the order is affirmed, with costs.
In June 2014, the plaintiff's predecessor in interest commenced the instant mortgage foreclosure action against the defendant Nihat Vural (hereinafter the defendant), among others. Upon the defendant's failure to answer the complaint, an order and judgment of foreclosure and sale was entered on November 23, 2018. On January 24, 2019, the defendant moved, inter alia, to vacate the order and judgment of foreclosure and sale. The foreclosure sale took place on January 25, 2019. The defendant's motion was denied in an order dated March 25, 2019, from which the defendant did not appeal.
In September 2019, the defendant again moved to vacate the order and judgment of foreclosure and sale, and to set aside the foreclosure sale of the property. In January 2020, the defendant moved, among other things, to vacate the order and judgment of foreclosure and sale. The plaintiff opposed the defendant's motions. By order dated November 10, 2020, the Supreme Court denied these motions. The defendant appeals.
A party, such as the defendant here, "is precluded from moving to vacate his or her default on grounds asserted in a prior motion to vacate the default that had been previously denied in an order from which that party took no appeal, or on grounds that were apparent at the time that the party made the prior motion but were not asserted therein" (LaSalle Natl. Bank Assn. v Odato, 126 AD3d 675, 676; see Litton Loan Servicing, L.P. v Wasserman, 202 AD3d 1074, 1075; U.S. Bank N.A. v Davis, 161 AD3d 808, 809). Therefore, we need not address the defendant's remaining contentions. Accordingly, the Supreme Court properly denied the defendant's second and third motions, inter alia, to vacate the order and judgment of foreclosure and sale.
DUFFY, J.P., IANNACCI, MILLER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court