Angel v Strulovich (2025 NY Slip Op 04150)

Angel v Strulovich

2025 NY Slip Op 04150

Decided on July 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
JAMES P. MCCORMACK, JJ.

2020-09688
 (Index No. 500827/20)

[*1]Boruch Angel, et al., appellants, 
v
Yechezkel Strulovich, etc., et al.,respondents, et al., defendants.

Gutman Weiss, P.C., Brooklyn, NY (Dov B. Medinets of counsel), for appellants.
Herrick, Feinstein LLP, New York, NY (Avery S. Mehlman and Scott C. Ross of counsel), for respondents Yechezkel Strulovich, CS Construction Group, LLC, 945 Park PL, LLC, 1078 Dekalb, LLC, 74 Van Buren, LLC, 454 Central Avenue, LLC, 980 Atlantic Holdings, LLC, 720 Livonia Development, LLC, Penn Condominium, LLC, Throop Home, LLC, Bushwick Partners, LLC, Brooklyn Ventures, LLC, Howard Day House, LLC, CAS Management Company, Bayshore, Inc., 31 Brooklyn, LLC, 119 Holdings, LLC, Gold Cliff, LLC, Herman Greenfeld, Mendel Brach, 908 Bergen Street, LLC, 901 Bushwick Avenue, LLC, Gates Equity Holdings, LLC, 853 Lexington, LLC, 348 St. Nicholas, LLC, 762 Willoughby, LLC, 855 Dekalb Avenue, LLC, Bridge Tower, LLC, 619 Holdings, LLC, Grand Suites, LLC, Catalpa Development, LLC, Slope Offices, LLC, 482-484 Seneca, LLC, 1266 Pacific, LLC, Myrtlino Holdings, LLC, 259 Berry, LLC, 261 Berry, LLC, 1642 Equities, LLC, Penn & Marcy, LLC, 741 Lexington, LLC, and CSY Holdings, LLC.
Cohen, LaBarbera & Landrigan, LLP, Chester, NY (Kyle A. Seiss and Thomas Landrigan of counsel), for respondents Eighteen Properties, LLC, 296 Cooper, LLC, Knickerbocker Lofts, LLC, Willtrout Realty, LLC, Stagg Studios, LLC, 420 Tompkins, LLC, and Tompkins 420 Realty, LLC.
Smith Buss & Jacobs, LLP, Yonkers, NY (Jeffrey D. Buss of counsel), for respondents BNH Properties, LLC, and CS YH Condos, LLC.
Berg & David, PLLC, Brooklyn, NY (N. Dean Boyer and Abraham David of counsel), for respondents CSN Partners, L.P., 196 Albany Holdings, L.P., 400 South 2nd Street Realties, L.P., 400 South 2nd Street Holdings, L.P., and First Avenue Realty Holdings, L.P.
Tuttle Yick LLP, New York, NY (Gregory O. Tuttle of counsel), for respondents Fulton Street Holdings, LLC, and 1428 Fulton St, LLC.

DECISION & ORDER
In an action, inter alia, to impose a constructive trust, the plaintiffs appeal from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated December 2, 2020. The order, insofar as appealed from, upon reargument, adhered to a prior determination in an order of the same court dated July 1, 2020, granting those branches of the separate motions of the defendants Yechezkel Strulovich and others, the defendants CSN Partners, L.P., 196 Albany Holdings, L.P., 400 [*2]South 2nd Street Realties, L.P., 400 South 2nd Street Holdings, L.P., and First Avenue Realty Holdings, L.P., the defendants BNH Properties, LLC, and CS YH Condos, LLC, the defendants Fulton Street Holdings, LLC, and 1428 Fulton St, LLC, and the defendants Eighteen Properties, LLC, 296 Cooper, LLC, Knickerbocker Lofts, LLC, Willtrout Realty, LLC, Stagg Studios, LLC, 420 Tompkins, LLC, and Tompkins 420 Realty, LLC, which were pursuant to CPLR 3211(a) to dismiss the causes of action to impose constructive trusts on 15 certain real properties insofar as asserted against each of them as time-barred and denied, without prejudice, that branch of the plaintiffs' motion which was to deem the causes of action to impose constructive trusts to be causes of action to impose equitable liens.
ORDERED that the order dated December 2, 2020, is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.
The relevant background facts underlying this appeal are set forth in this Court's decision and order on a related appeal (see Angel v Strulovich, _____ AD3d _____ [Appellate Division Docket No. 2020-05308; decided herewith]). As relevant here, five sets of defendants (hereinafter the moving defendants) separately moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the causes of action to impose constructive trusts on certain real properties insofar as asserted against each of them as time-barred. In an order dated July 1, 2020, the Supreme Court, among other things, granted those branches of those separate motions, concluding that the real properties had been acquired outside of the six-year statute of limitations period. Subsequently, the plaintiffs moved for leave to reargue their opposition to those branches of the moving defendants' separate motions which were to dismiss the causes of action to impose a constructive trust with respect to 15 of those real properties (hereinafter the recent properties) as time-barred, arguing that those properties had been acquired within six years of the time that the causes of action accrued. In addition, the plaintiffs asked the court to deem all of their causes of action to impose constructive trusts, including those concerning real properties other than the recent properties, to be causes of action to impose equitable liens.
In an order dated December 2, 2020, the Supreme Court, upon reargument, applying a three-year statute of limitations instead of a six-year statute of limitations, adhered to the prior determination granting those branches of the moving defendants' separate motions which were to dismiss the causes of action to impose constructive trusts on the recent properties insofar as asserted against each of them as time-barred and denied, without prejudice, that branch of the plaintiffs' motion which was to deem the causes of action to impose constructive trusts to be causes of action to impose equitable liens. The plaintiffs appeal.
To dismiss a cause of action pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations, a defendant bears the initial burden of establishing that the time in which to sue has expired (see Sibrian v 244 Madison Realty Corp., 210 AD3d 1029, 1031; Franqui v Korol, 154 AD3d 742, 743; Murray v Charap, 150 AD3d 752). The burden then shifts to the nonmoving party to raise a question of fact as to the applicability of an exception to the statute of limitations, as to whether the statute of limitations was tolled, or as to whether the action was actually commenced within the applicable limitations period (see Sibrian v 244 Madison Realty Corp., 210 AD3d at 1031; Franqui v Korol, 154 AD3d at 743; Singh v New York City Health & Hosps. Corp. [Bellevue Hosp. Ctr. & Queens Hosp. Ctr.], 107 AD3d 780, 781). Generally, "[a] cause of action to impose a constructive trust is governed by a six-year statute of limitations, which begins to run at the time of the wrongful act giving rise to a duty of restitution," regardless of when it was discovered (Morales v Rolon, 226 AD3d 765, 766 [internal quotation marks omitted]; see CPLR 213[1]). However, a shorter, three-year statute of limitations governing conversion claims applies when the cause of action for the imposition of constructive trust sounds in conversion and legal remedies will "afford[ ] the plaintiffs full and complete relief" (Gold Sun Shipping v Ionian Transp., 245 AD2d 420, 421; see Hellman v Hoenig & Co., 244 AD2d 529, 530). "A determination of when the wrongful act triggering the running of the Statute of Limitations occurs depends upon whether the constructive trustee acquired the property wrongfully, in which case the property would be held adversely from the date of acquisition, or whether the constructive trustee wrongfully withholds property acquired lawfully from the beneficiary, in which case the property would be held [*3]adversely from the date the trustee breaches or repudiates the agreement to transfer the property" (Morales v Rolon, 226 AD3d at 766 [internal quotation marks omitted]; see Barone v Barone, 130 AD3d 765, 766; Zane v Minion, 63 AD3d 1151, 1153). "In applying the Statute of Limitations, courts must look to the essence of the claim, and not to the form in which it is pleaded" (Hellman v Hoenig & Co., 244 AD2d at 530; see Contact Chiropractic, P.C. v New York City Tr. Auth., 31 NY3d 187, 196).
Here, the Supreme Court properly determined that the constructive trust causes of action with respect to the recent properties are time-barred under the three-year conversion statute of limitations. The plaintiffs do not dispute that their constructive trust causes of action sound in conversion. Moreover, as the plaintiffs seek to recover economic loss, including the loss of future profits from the appreciation or development of certain properties, and not any unique real property loss, legal remedies would afford them complete relief (see Feldman v Strulovich, 2022 WL 3447919, *2, *6, 2022 US Dist LEXIS 147552, *17-18 [SD NY, No. 20 Civ 7270 (NRB)]). Whether the plaintiff can recover all of their alleged damages is not a relevant factor (see Payrolls & Tabulating v Sperry Rand Corp., 22 AD2d 595, 598).
The Supreme Court also properly determined that the statute of limitations accrued when Yechezkel Strulovich failed to infuse the plaintiffs' investment funds into certain "feeder LLCs," which he admittedly created for the express purpose of being the repository of those funds. Based on the record, the alleged wrongful withholding, which gave rise to a duty of restitution, fell outside the applicable three-year statute of limitations. Accordingly, the court properly adhered to the prior determination in the July 1, 2020 order granting those branches of the moving defendants' separate motions which were to dismiss the causes of action seeking to impose constructive trusts on the recent properties insofar as asserted against each of them as time-barred.
The Supreme Court properly denied, without prejudice, that branch of the plaintiffs' motion which was to deem the causes of action to impose constructive trusts to be causes of action to impose equitable liens. A motion for leave to reargue is not designed to present arguments different from those originally presented (see Litton Loan Servicing, L.P. v Wasserman, 202 AD3d 1074, 1075) and, therefore, the court properly denied that branch of the motion, without prejudice, absent a formal motion seeking to amend the complaint.
The parties' remaining contentions need not be considered in light of our determinations.
CONNOLLY, J.P., FORD, LOVE and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court