Deutsche Bank Trust Co. Ams. v Maron (2025 NY Slip Op 06985)

Deutsche Bank Trust Co. Ams. v Maron

2025 NY Slip Op 06985

Decided on December 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
BARRY E. WARHIT
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2023-12413
2024-00928
 (Index No. 710394/17)

[*1]Deutsche Bank Trust Company Americas, etc., respondent, 
vLisa Maron, appellant, et al., defendants.

Yolanda A. Corion, Brooklyn, NY, for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Brian P. Scibetta of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Lisa Maron appeals from (1) an order of the Supreme Court, Queens County (Marguerite A. Grays, J.), entered October 17, 2023, and (2) an order of the same court entered December 28, 2023. The order entered October 17, 2023, denied the motion of the defendant Lisa Maron pursuant to CPLR 5015(a) to vacate an order and judgment of foreclosure and sale of the same court dated September 20, 2019, entered upon her failure to appear or answer the complaint, and for leave to serve a late answer. The order entered December 28, 2023, denied the motion of the defendant Lisa Maron for leave to renew her prior motion pursuant to CPLR 317 and 5015(a) to vacate the order and judgment of foreclosure and sale, which had been denied in an order of the same court dated January 13, 2023.
ORDERED that the orders entered October 17, 2023, and December 28, 2023, are affirmed, with one bill of costs.
In 2017, the plaintiff commenced this action to foreclose a mortgage against, among others, the defendant Lisa Maron (hereinafter the defendant). The defendant failed to appear or answer the complaint. In an order dated September 28, 2018, the Supreme Court granted the plaintiff's unopposed motion, inter alia, for leave to enter a default judgment against the defendant and for an order of reference. In an order and judgment of foreclosure and sale dated September 20, 2019, the court granted the plaintiff's unopposed motion to confirm a referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
In January 2022, the defendant moved pursuant to CPLR 317 and 5015(a) to vacate the order and judgment of foreclosure and sale. In an order dated January 13, 2023, the Supreme Court denied the motion (hereinafter the January 2023 order). The defendant did not appeal from the January 2023 order.
In March 2023, the defendant moved pursuant to CPLR 5015(a) to vacate the order and judgment of foreclosure and sale and for leave to serve a late answer. In May 2023, the defendant moved for leave to renew her prior motion pursuant to CPLR 317 and 5015(a) to vacate [*2]the order and judgment of foreclosure and sale, which had been denied in the January 2023 order. In an order entered October 17, 2023, the Supreme Court denied the defendant's motion pursuant to CPLR 5015(a) to vacate the order and judgment of foreclosure and sale and for leave to serve a late answer on the ground that the defendant had previously moved for the same relief and that prior motion had been denied in the January 2023 order. In an order entered December 28, 2023, the court denied the defendant's motion for leave to renew. The defendant appeals from the orders entered October 17, 2023, and December 28, 2023.
Contrary to the defendant's contention, the Supreme Court properly denied her motion pursuant to CPLR 5015(a) to vacate the order and judgment of foreclosure and sale and for leave to serve a late answer since that motion was premised on grounds asserted in her prior motion pursuant to CPLR 317 and 5015(a) to vacate the order and judgment of foreclosure and sale, which had been denied in the January 2023 order, from which she did not appeal, and no grounds were asserted in that motion that were not apparent at the time she made the prior motion (see Litton Loan Servicing, L.P. v Wasserman, 202 AD3d 1074, 1075; A.G. Parker, Inc. v 246 Rochester Partners, LLC, 165 AD3d 743, 744-745; U.S. Bank N.A. v Davis, 161 AD3d 808, 809).
Further, the Supreme Court properly denied the defendant's motion for leave to renew her prior motion pursuant to CPLR 317 and 5015(a) to vacate the order and judgment of foreclosure and sale since she failed to demonstrate that there had been a change in the law that would change the prior determination (see id. § 2221[e][2]). The enactment of the Foreclosure Abuse Prevention Act (L 2022, ch 821) and a new statute, CPLR 205-a, would have no effect on this case, since the result would have been the same under the new law (see U.S. Bank N.A. v Corcuera, 217 AD3d 896). Moreover, the motion for leave to renew was untimely since it was made after the time to appeal from the order and judgment of foreclosure and sale had expired (see Wilmington Sav. Fund Socy., FSB v Souffrant, 237 AD3d 1006; U.S. Bank N.A. v Tong, 230 AD3d 716, 717).
BARROS, J.P., WARHIT, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court